UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CONNIE ESSMYER,**<br><br>Plaintiff,<br><br>v.<br><br>**HUELSKAMP LAW, LLC,**<br><br><u>Serve at:</u><br>Reg. Agt. Robert Huelskamp<br>296 Market Street<br>Ste. Genevieve, MO 63670<br><br>and<br><br>**PERRY COUNTY MEMORIAL HOSPITAL,**<br><br><u>Serve at:</u><br>434 N. West St.,<br>Perryville, MO 63775<br><br>Defendants. | Case No.  1:22-cv-00140<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff, Connie Essmyer ("Plaintiff"), by and through her undersigned counsel, and for her Complaint states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), against Defendant Huelskamp Law, LLC ("Defendant Huelskamp") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. This is also an action for abuse of process and wrongful garnishment against Defendant Huelskamp and Defendant Perry County Memorial Hospital ("Defendant Memorial Hospital" and collectively with Defendant Huelskamp referred to as "Defendants").

3. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

4. This Court has original jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because Defendants directed their illicit collection activity at Plaintiff in St. Louis County, Missouri, within the Eastern District of Missouri. Further, this Court has original jurisdiction over Plaintiff's FDCPA claims under 28 U.S.C. § 1331 because they arise under federal law.

5. Plaintiff's abuse of process and wrongful garnishment claims are subject to this Court's supplemental jurisdiction because those state-law claims are part of the same case or controversy as her FDCPA claims pursuant to 28 U.S.C. § 1367(a). All claims titled under state law stem from Defendants' FDCPA violations, and thus all state-law claims share a common nucleus of operative fact with the claims within this Court's original jurisdiction

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because Defendants' tortious and illicit collection conduct occurred in or was directed at Plaintiff in the Eastern District of Missouri. Venue is appropriate in this Court under Local Rule 3 - 2.07(b)(2) because Defendants conduct business in the Eastern Division of the Eastern District of Missouri.

## PARTIES

7. Plaintiff is a natural person currently residing in Ste. Genevieve County, Missouri.

8. Plaintiff is a "consumer" within the meaning of the FDCPA.

9. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from medical services that Plaintiff received from Defendant Memorial Hospital in 2014.

10. Defendant Memorial Hospital is engaged in providing medical services.

11. Defendant Memorial Hospital is, upon information and belief, a Missouri entity with its principal place of business within this District Perry County, Missouri.

12. Defendant Huelskamp is, upon information and belief, a domestic limited liability company with its principal place of business located within this District in Ste. Genevive, Missouri.

13. The principal business purpose of Defendant Huelskamp is the collection of debts in Missouri; Defendant Huelskamp regularly attempts to collect debts alleged to be due to another entity.

14. Defendants filed the lawsuit at issue in this case against Plaintiff for unpaid medical bills to Defendant Memorial Hospital as set forth more fully below.

15. Defendants, at all times relevant, were co-agents of one another, such that each Defendant acted for the benefit of the other and with the express knowledge, permission and consent of the other.

16. Defendants are engaged in the collection of debts from consumers through means of mail and telephone, obtaining default judgments and using those means to collect from consumers. Defendants are each a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

**FACTS**

17. Sometime prior to 2014, Plaintiff received medical services from Defendant

Memorial Hospital.

18.     Defendant Huelskamp, acting on behalf of Defendant Memorial Hospital, filed suit in the name of Memorial Hospital against Plaintiff on June 6, 2019 in Perry County, Missouri, Case No. 19PR-AC00283.

19.     On December 12, 2019, Defendants obtained judgment against Plaintiff in the amount of $9,351.14 in addition to interest and court costs.

20.     Sometime prior to July of 2020, Plaintiff paid Defendants $1,016.61.

21.     On July 30, 2020, Defendant Huelskamp filed a Garnishment Application and Order. Defendant Huelskamp failed to credit Plaintiff for the payment she had made prior to the first Garnishment Order and grossly overstated the principal balance and ran post-judgment interest on this overstated balance.

22.     Over the first year, Plaintiff was garnished for $2,271.05.

23.     On May 21, 2021, Defendant Huelskamp filed a second Garnishment Application and Order that did not credit Plaintiff for all the garnishments. Defendant once again grossly overstated the balance and ran post-judgment interest on this overstated balance.

24.     Specifically, Defendant Huelskamp credited Plaintiff for only $2,050.47 on the second Garnishment Application and Order.

25.     Over the second year, Plaintiff was garnished for $4,776.86.

26.     On April 19, 2022, Defendant Huelskamp filed a third Garnishment Application and Order that, once again, did not credit Plaintiff for all the garnishments. Defendant grossly overstated the principal balance and ran post-judgment interest on this overstated balance.

27.     By that filing, Plaintiff had made payments to Defendants in the total amount of $7,047.91, whereas Defendant reflected the credits only in the amount of $4,776.86.

28. By September of 2022, Plaintiff was garnished an additional $1,465.93. Plaintiff has paid a total of $8,513.84, but Defendants refuse to give her credit for the true amount paid and continue to garnish interest from Plaintiff that Plaintiff does not owe.

29. Defendants continue to file Garnishment Applications and Orders with overstated principal balance and running interest on the overinflated balance.

30. Once a payment on a judgment has been made, interest accrues on the remainder of the judgment. *See Burns v. Smith*, 303 S.W.3d 505, 515 (Mo. banc 2010). Interest accrues on unpaid monies. *Id*. Therefore, interest should only be calculated on the remainder of the judgment, not the entire judgment. *See id.*

31. As of the date of filing of this Petition, Defendants have, upon information and belief and based on the numbers appearing in the garnishment forms, been accruing post-judgment interest yearly without any regard for the amounts garnished from Plaintiff in 2020, 2021, or 2022.

32. Plaintiff has reached out to Defendant Huelskamp multiple times in an attempt to inquire about the overstated balance to no avail.

33. As a result of Defendants' conduct, Plaintiff felt harassed, oppressed and frustrated. Plaintiff was forced to hire counsel and make other expenditures of time and money as a result of Defendants' malicious and wrongful garnishment.

34. Defendants' above-described conduct has caused Plaintiff to incur actual damages including, but not limited to: the loss of her funds, attorneys' fees paid to her counsel, anxiety, worry and frustration.

35. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

## COUNT I: VIOLATION OF THE FDCPA – DEFENDANT HUELSKAMP

36. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

37. In its attempts to collect the alleged debt from Plaintiff, Defendant Huelskamp committed violations of the FDCPA, see 15 U.S.C. §1692 et seq., including, but not limited to, the following:

   a. Falsely representing the character, amount, or legal status of the alleged debt, specifically by trying to collect a debt that was not due and owing, by making it seem as though the debt was far higher than its actual amount in its Garnishment Applications and Orders and attempting to collect a falsely inflated principal balance and interest balance. See 15 U.S.C. §1692e.

   b. Engaging in deceptive, misleading and unfair conduct with respect to the collection of a debt, including but not limited to increasing the debt amount in a manner that was not authorized by law. See 15 U.S.C. §1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

   A. Judgment that Defendant's conduct violated the FDCPA;

   B. Actual damages in an amount to be determined by the jury;

   C. Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

   D. For such other relief as the Court may deem just and proper.

## COUNT II: WRONGFUL GARNISHMENT - ALL DEFENDANTS

38. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

39. Defendants have abused and/or misused Missouri Rule 90 and/or Chapter 525

R.S.Mo. pertaining to garnishments.

40. Defendants intentionally caused a garnishment to be served upon Plaintiff that sought an amount that Defendants knew Plaintiff did not owe, namely falsely inflated judgment and post-judgment cost and interest amounts.

41. Defendants' unauthorized garnishment has resulted in Plaintiff's wages being seized.

42. Plaintiff's wages are their property.

43. Defendants intended to cause injury to Plaintiff, namely, garnishing her funds and applying those funds to pay amounts she did not owe.

44. Defendants had no justification or authority for garnishing any amount in excess of the actual principal amount of the balance.

45. Defendants' conduct was thus knowing, willful, and intentional justifying the imposition of punitive damages.

46. Defendants' conduct caused Plaintiff to sustain damages, including, but not limited to: monetary loss, the loss of use of their funds, embarrassment, stress, and anxiety.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment against Defendants for:

    A. Actual damages in an amount to be determined at trial;

    B. Punitive damages in the largest amount allowable by law; and

    C. For such other and further relief as the Court deems proper.

### COUNT III: ABUSE OF PROCESS - ALL DEFENDANTS

47. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

48. Defendants made a(n) illegal, improper, and perverted use of process by filing a

garnishment application containing materially false and inflated amounts for judgment, post-judgment interest, and costs.

49. Defendants had an improper purpose in filing the false garnishment applications, namely, to harass and oppress Plaintiff and take excess monies from Plaintiff.

50. Defendants could not legally garnish the amounts it took from Plaintiff because those amounts were not permitted by law.

51. Defendants' abusive ends in filing the false garnishment applications are not authorized by that process.

52. Defendants' abuse of process has caused Plaintiff to suffer actual monetary loss, damaged credit, expenditure of attorneys' fees, humiliation, embarrassment, and oppression.

53. Defendants' actions were wanton, willful, and made in deliberate disregard of Plaintiff's rights.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment against Defendants for:

A. Actual damages in an amount to be determined at trial;

B. Punitive damages in the largest amount allowable by law; and

C. For such other and further relief as the Court deems proper.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: <u>/s/ Richard A. Voytas, Jr.</u>
Richard A. Voytas, Jr.  #52046
7321 S. Lindbergh Blvd., Ste 101
St. Louis, MO 63125
Phone: (314) 380-3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*