**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CONNIE ESSMYER | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:22-cv-00140 |
| | ) | |
| v. | ) | |
| | ) | |
| HUELSKAMP LAW, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT HUELSKAMP LAW, LLC'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Defendant, Huelskamp Law, LLC, by and through undersigned counsel,

pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for its Motion for Summary

Judgment respectfully states:

## BACKGROUND

On or around 2014, Plaintiff received medical services from Perry County Memorial

Hospital ("Perry County"), for which she incurred debt. (Statement of Uncontroverted Material

Fact "SUMF" ¶ 1). After failing to pay back the debt, Defendant Huelskamp Law, LLC, acting on

behalf of Perry County, filed suit against Plaintiff on June 6, 2019. (SUMF ¶ 2). The lawsuit

resulted in Plaintiff agreeing to and signing a Consent Judgment with a principal amount of

$9,351.14 on September 12, 2019. (SUMF ¶¶ 3, 6). Pursuant to the Consent Judgment and

Stipulation, Plaintiff agreed to pay Defendant $250 a month until the judgment was satisfied.

(SUMF ¶ 4). The Consent Judgment and Stipulation contained a clause that stated, "in the event

any payment is late or less than the agreed amount, Perry County retains the right to take all action

authorized by law." (SUMF ¶ 5). Between November 4, 2019, and February 8, 2020, Plaintiff

made two payments of $250 and one payment of $150. (SUMF ¶ 7 – 9). Plaintiff made no payments

between February 8, 2020, and July 30, 2020. Because of Plaintiff's non-payment, Defendant filed

three Garnishment Applications and Orders between July 30, 2020, and April 18, 2022. (SUMF ¶ 10 – 12).

These Garnishment Applications and Orders contained several errors, some of which worked in Plaintiff's favor. As a result of these Garnishment Applications and Orders, Plaintiff paid a total of $9,365.75, or $14.61 more than the *principal* amount. (SUMF ¶ 13). Plaintiff alleges damages resulting from the errors on these Garnishment Applications and Orders. Pursuant to the Consent Judgment and Stipulation, signed by Plaintiff, Defendant was authorized to collect payment from Plaintiff by any lawful means. RSMo 408.040 authorized Defendant to assess an interest rate of nine (9) percent per annum to Plaintiff's debt. As of today, Plaintiff has only paid $14.61 over the *principal* amount owed to Defendant. Considering post-judgment interest has been accruing since September 12, 2019, Plaintiff has not yet satisfied the Consent Judgment. Therefore, Defendant is entitled to summary judgment on all counts.

## ARGUMENT

Defendant Huelskamp Law, LLC, is entitled to summary judgment because Plaintiff does not allege a concrete injury that, as a matter of law, gives rise to a claim under the Fair Debt Collection Practices Act ("FDCPA"). Specifically, (1) Plaintiff does not allege any action by Defendant that rises to the level of harassment, oppression, or abuse, as required to bring a claim under 15 U.S.C. § 1692(d), (2) Defendant's misstatements on its Garnishment Applications and Orders are immaterial, thus defeating Plaintiff's ability to bring a claim under 15 U.S.C. § 1692(e), and (3) Plaintiff did not suffer an injury as a result of Defendant's actions, as required to bring a claim under 15 U.S.C. § 1692(f). Furthermore, Plaintiff does not allege that Defendant's process was used to accomplish some end which is outside the regular purview of the debt-collecting process and cannot bring a claim for abuse of process. Finally, Plaintiff does not allege that

#30838257 v1

Defendant acted with actual malice or legal malice, and has no compensatory damages available; therefore, Plaintiff cannot bring a claim for wrongful garnishment. Thus, Defendant is entitled to summary judgment as a matter of law on all counts.

## CONCLUSION

**WHEREFORE,** Defendant Huelskamp Law, LLC, requests that this Court enter judgment in Defendant's favor and for such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Daniel P. Hunkins
Bradley R. Hansmann #53160
Daniel P. Hunkins #69147
600 Kellwood Pkwy, Suite 120
St. Louis, MO 63017
(636) 798-0570
(636) 798-0693 - Fax
bhansmann@wwbhlaw.com
dhunkins@wwbhlaw.com
*Attorneys for Defendant Huelskamp Law, LLC*

#30838257 v1

## <u>CERTIFICATE OF SERVICE AND</u>
## <u>CERTIFICATE OF COMPLIANCE WITH RULE 26(g)(1)</u>

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system on this 24th day of November, 2023 on counsel of record.  In addition, the undersigned counsel certifies that he has signed the original of this Certificate and the foregoing pleading.

Richard A. Voytas, Jr.
David A. Weber
Caleb G. Christian
Voytas Law, LLC
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
rick@voytaslaw.com
david@voytaslaw.com
caleb@voytaslaw.com
*Attorneys for Plaintiff*

/s/ Daniel P. Hunkins

4

#30838257 v1