**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CONNIE ESSMYER | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:22-cv-00140 |
| | ) | |
| v. | ) | |
| | ) | |
| HUELSKAMP LAW, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT HUELSKAMP LAW, LLC'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Defendant, Huelskamp Law, LLC, by and through undersigned counsel, and for its Memorandum in Support of its Motion for Summary Judgment, states as follows:

**INTRODUCTION**

Connie Essmyer ("Plaintiff") sued Defendant Huelskamp Law, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d)-(f) ("FDCPA"), wrongful garnishment, and abuse of process. Specifically, Plaintiff claims that Defendant faces liability due to mistakes made on three Garnishment Applications and Orders. The uncontroverted facts establish that each of Plaintiff's claims fail as a matter of law.

On or around 2014, Plaintiff received medical services from Perry County Memorial Hospital, for which she incurred debt. Defendant brought suit against Plaintiff on June 6, 2019. The lawsuit resulted in Plaintiff signing a Consent Judgment and Stipulation for the principal amount of $9,351.14. The Consent Judgment and Stipulation was entered on September 12, 2019. Pursuant to the Consent Judgment and Stipulation, Plaintiff agreed, that beginning on November 1, 2019, Plaintiff would pay Defendant $250 per month until the judgment was satisfied. (SUMF ¶ 1 – 5).

#30834847 v1

Between November 4, 2019, and February 8, 2020, Plaintiff rendered two payments of $250 and one payment of $150 to Defendant. Plaintiff did not make any payments between February 8, 2020, and July 30, 2020. (SUMF ¶ 7 – 9). The Consent Judgment and Stipulation contained a clause that stated, "in the event any payment is late or less than the agreed amount, Perry County Memorial Hospital retains the right to take all action authorized by law." (SUMF ¶ 5). Pursuant to that clause, Defendant filed three Garnishment Applications and Orders between July 30, 2020, and April 18, 2022. (SUMF ¶ 10 – 12).

Defendant does not dispute that it has since become aware of the fact that the Garnishment Applications and Orders contained several errors, some of which worked in Plaintiff's favor. However, the uncontroverted facts establish that the errant garnishments were not relied upon by Plaintiff, and they were immaterial. (SUMF ¶ 15). In fact, Plaintiff admits that the total amount she paid to Defendant was merely $14.61 over the *principal* balance owed. This does not take into consideration post-judgment interest at nine (9) percent per annum that has been accruing since September 12, 2019. See RSMo 408.040. Plaintiff therefore lacks standing to bring claims against Defendant because there is no concrete injury. Furthermore, there is no evidence to indicate that Defendant's mistakes were intentional or done for an improper purpose, thus defeating Plaintiff's claims for wrongful garnishment and abuse of process. Moreover, two of Plaintiff's three claims under the FDCPA are time-barred by the one-year statute of limitations provided in 15 U.S.C. Section 1692k(d).

In short and as will be set forth in greater detail below, the uncontroverted facts demonstrate that Defendant is entitled to summary judgment on each of Plaintiff's claims as a matter of law.

#30834847 v1

**STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

Defendant separately filed its Statement of Uncontroverted Material Facts in accordance with Local Rule 4.01(E) and incorporates the same by reference herein.

**ARGUMENT**

**A.    Standard of Review**

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts demonstrating a genuine dispute on the specific issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

**B.    Defendant's mistakes in the Garnishment Applications and Orders do not give rise to a cause of action under the FDCPA.**

Defendant acknowledges that, in transcribing numbers onto the three Garnishment Applications and Orders, it made certain mistakes. For example, on the first Garnishment Application and Order, issued on July 30, 2020, Plaintiff was charged an excess amount of post-judgment interest. However, at the same time, Plaintiff was also credited for more than she previously paid by $366.22. (SUMF ¶ 10). Defendant's inadvertent mistakes worked in favor of Plaintiff at times and against Plaintiff at times. Despite these inadvertent errors, Plaintiff did not sustain a concrete injury in fact nor, by her own admission, were Plaintiff's decisions altered by

3

#30834847 v1

Defendant's inadvertent mistakes (SUMF ¶ 14 – 17). As explained below, the errors in the Garnishment Applications and Orders do not give rise to a claim against Defendant under 15 U.S.C. § 1692(d), 1692(e), or 1692(f).

1. **Plaintiff lacks standing to bring claims related to the errors in the Garnishment Applications and Orders because she has no injury in fact.**

The "foremost" standing requirement is injury in fact. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, (1998). An injury in fact consists of an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 2134, 119 L. Ed. 2d 351 (1992). A concrete injury must be de facto—that is, it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). A particularized injury "must affect the plaintiff in a personal and individual way." *Id* at 1548. The Eighth Circuit requires a plaintiff to identify a risk of real harm that is neither speculative nor hypothetical in cases alleging violations of procedural rights. *See Braitberg v. Charter Commc'ns, Inc*., 836 F.3d 925, 930 (8th Cir. 2016).

Courts recognize that FDCPA standing and injury in fact requires some level of reliance on the alleged violation. In *Trichell v. Midland Credit Management Inc.,* the court vacated a lower court decision and ordered remand for dismissal of FDCPA claims for lack of standing. 964 F.3d 990, 1005 (11th Cir. 2020). Finding that the plaintiff could not establish a claim "without proving even that they relied on the representations, much less that the reliance caused them any damages," the court used *Spokeo* to read FDCPA claims as insufficient unless there was more than a procedural violation. *Id*. at 998. Instead, the court required actual actions on the part of the plaintiff, finding that "misrepresentations are not actionable absent reliance and ensuing damages." *Id*. at 1000. Similarly, "the state of confusion is not itself an injury." *Burnett v. Convergent Outsourcing,*

4

#30834847 v1

*Inc.*, 982 F.3d 1067, 1069 (7th Cir. 2020).  Confusion is only an injury if the debtor acts to her detriment on the confusion. *Id.*

Courts have held consistently that mere mistakes of procedure do not suffice to bring an FDCPA claim.  In *Nettles v. Midland Funding LLC*, finding a lack of standing, the court vacated a lower court's decision when an overstated balance, although false, led to no concrete action by the plaintiff. 983 F.3d 896 (7th Cir. 2020). The court required more than "becoming annoyed and consulting a lawyer [to] suffice to establish injury for standing purposes." *Id* at 900. Similarly, in *Wheeler v. American Profit Recovery*, a creditor was granted summary judgement when the only harm the plaintiff could show was a procedural harm and that he was "inconvenienced." *Wheeler v. Am. Profit Recovery, Inc.*, No. 4:15CV368 RLW, 2017 WL 4358718, at *3 (E.D. Mo. Sept. 29, 2017).

Finally, in *Stone v. J&M Securities*, LLC, 2021 WL 4476712 (E.D.Mo., 2021), this Court held that despite overstatements of the interest amount and total sum on the defendant's garnishment application and order, their motion for summary judgment should be granted because the plaintiff did not suffer an "ascertainable loss." *Id* at 9.

Here, Plaintiff plainly admits that she did not rely upon the misstatements on Defendant's Garnishment Applications and Orders for *any* of her decisions.

```
            As you sit here today you would agree that
you can't tell me how the garnishment applications
altered any of your decisions with regard to the
debt at issue.  Correct?
        A    Correct.
```

(SUMF ¶ 15). Furthermore, in her deposition, Plaintiff states that she "did not know" how she was oppressed by the garnishments, nor did she suffer from anxiety as a result. (SUMF ¶ 16 – 17).

Even if Plaintiff relied upon the misstatements on the Garnishment Applications and Orders, which would contradict her sworn testimony, she would not be able to point to a concrete injury. It is undisputed that Plaintiff entered into a consent judgment whereby she agreed to pay $9,351.14 at $250 monthly installments. (SUMF ¶ 3 – 4). Pursuant to RSMo 408.040, Defendant has been authorized by law to assess nine (9) percent interest per annum on Plaintiff's outstanding judgment since September 12, 2019. Plaintiff admits that the total amount she paid to Defendant to date was $9,365.75, or $14.61 more than the *principal* amount. (SUMF ¶ 13). That does not take into consideration the 9% post-judgment interest that has been accruing since September 12, 2019. When applying the statutory interest rate of nine (9) percent per annum, Plaintiff has an outstanding judgment balance of $2,321.46 as of October 11, 2022, the date of Plaintiff's final payment. (*See* SUMF ¶ 21). Therefore, Plaintiff has not paid more than she owes, so there is no concrete injury as required by law.

   2. **Plaintiff has not alleged specific acts by Defendant that give rise to a claim under 15 U.S.C. § 1692(d).**

Plaintiff asserts that Defendant's misstatements on its Garnishment Applications and Orders violate 15 U.S.C. § 1692(d). This Court previously stated as follows:

> Section 1692(d) prohibits debt collectors from engaging in conduct of which the natural consequence is to harass, oppress, or abuse any person in connection with a debt. 15 U.S.C. § 1692(d). The section provides examples of prohibited conduct— such as the use or threat of violence to harm, the use of obscene language, and repeated or continuous phone calls—which are not exclusive, but instructive for the Court's analysis . . . The conduct explicitly prohibited by section 1692(d) can be described as affirmative acts by a debt collector which cause harm to a person in connection with a debt, whether that be infliction of violence, coercion, annoyance, or other physical or mental harm.

*Stone v. J&M Securities, LLC*, 2021 WL 4476712, at *7 (E.D.Mo., 2021).

Here, Plaintiff has failed to allege any acts by Defendant that give rise to a claim under Section 1692(d). Plaintiff simply concludes that she felt "anxiety, worry and frustration." (*See* Plaintiff's Complaint ¶ 34). However, Plaintiff never alleges any specific act by Defendant, such as "violence, the use of obscene language, [or] repeated or continuous phone calls," or any similar conduct in her Complaint, discovery responses, nor her deposition. In fact, when asked in her deposition how she was oppressed, Plaintiff stated that she "did not know." Furthermore, when asked to elaborate on the anxiety that she alleged in her Complaint, Plaintiff failed to do so. (SUMF ¶ 16 – 17).

Defendant indeed inputted misstatements on its Garnishment Application and Orders, but the misstatements alone do not give rise to a claim under 15 U.S.C. § 1692(d). In fact, Plaintiff never even saw the Garnishment Applications and Orders:

```
Q    Did you -- at any point in time, have you
ever looked at the garnishment application and
order?
A    No.
Q    Never looked at any of them?
A    No.
```

(SUMF ¶ 14). Therefore, Plaintiff has failed to allege anything more than misstatements on Garnishment Applications and Orders that she never saw, and thus fails to allege a claim under 15 U.S.C. § 1692(d).

**3. Defendant's misstatements on the Garnishment Applications and Orders are immaterial, and do not give rise to a claim under 15 U.S.C. § 1692(e).**

Plaintiff alleges that Defendant's misstatements are in violation of 15 U.S.C. § 1692(e). "Section 1692(e) prohibits debt collectors from using any "false, deceptive, or misleading

7

#30834847 v1

presentation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e) . . . Even if a statement is actually false, if a statement would not mislead the unsophisticated customer, it does not violate the FDCPA even if it is false in some technical sense." *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 438 (8th Cir. 2015). The Eighth Circuit has held that, for claims brought under section 1692(e) and its subsections, injury-in-fact must meet the materiality requirement. *Hill v. Accounts Receivable Servs.*, 888 F.3d 343, 346 (8th Cir. 2018). "An untrue statement is immaterial if it does not 'undermine' an unsophisticated consumer's ability to choose intelligently between two options to resolve the debt . . . Information that neither contributes nor undermines the consumer's ability to choose between two options does not violate section 1692(e) because it is not actionable." *Stone v. J&M Securities, LLC*, 2021 WL 4476712, at *7 (E.D.Mo., 2021).

As stated above, Plaintiff plainly admits that she never saw the Garnishment Applications and Orders and did not rely upon any apparent misstatements therein with regard to her decision on how to handle the debt. (SUMF ¶ 14 – 15). According to Plaintiff's own testimony, Defendant's misstatements did not "contribute[]" or "undermine[]" her ability "to choose between two options." Therefore, Defendant's misstatements do not violate section 1692(e). See *Id*.

4. **Plaintiff's failure to allege a concrete injury defeats her claim under 15 U.S.C. § 1692(f).**

Plaintiff alleges that Defendant's misstatements violate 15 U.S.C. § 1692(f). Section 1692(f) prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." *Stone v. J&M Securities, LLC*, 2021 WL 4476712, at *8 (E.D.Mo., 2021). This Court has defeated claims under § 1692(f) when the plaintiff fails to allege a concrete injury. "Plaintiffs' arguments are unavailing because Plaintiffs have not shown that they suffered concrete injury from alleged misstatements of balances, interest, payments . . . As Plaintiffs

cannot . . . demonstrate that they suffered concrete injury, Defendant is entitled to summary judgment on this claim." *Id* at *9.

Plaintiff and Defendant agreed that if Plaintiff paid less than $250 per month, Defendant could collect Plaintiff's debt by any means authorized by law. (SUMF ¶ 3 – 5). Further, pursuant to RSMo 408.040, Defendant was authorized by law to assess nine (9) percent post-judgment interest per annum on Plaintiff's outstanding judgment. Plaintiff admitted that the most she has paid to date is $9,365.75. (SUMF ¶ 13). Again, the principal amount that Plaintiff owed to Perry County Memorial Hospital was $9,351.14. (SUMF ¶ 6). Plaintiff paid a mere $14.61 over the principal amount that she owed to Perry County Memorial Hospital. Considering judgment has been collecting nine (9) percent interest rate per annum since September 12, 2019, Plaintiff has still not satisfied the judgment amount. Therefore, Plaintiff not only fails to allege a concrete injury sustained from Defendant's misstatements, but Plaintiff indeed benefited from Defendant's misstatements, rendering Defendant's conduct a procedural violation resulting in no concrete harm.

**C.**   **Plaintiff fails to allege Defendant's misstatements were anything more than a good faith mistake, therefore her claims for wrongful garnishment and abuse of process must fail.**

Plaintiff further brings claims for wrongful garnishment and abuse of process against Defendant arising from its misstatements on its Garnishment Applications and Orders. "To prevail on an abuse of process claim, a plaintiff must show: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." *Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace*, LLC, 585

S.W.3d 269, 277 (Mo. 2019) (en banc) (citing *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990) (en banc)). "Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." *Stone v. J&M Securities*, LLC, 2021 WL 4476712, at *9 (E.D.Mo., 2021). In other words, the presence of improper figures on a Garnishment Application and Order is not enough to prevail on a claim for abuse of process. Plaintiff must show that Defendant had an improper purpose or was attempting to accomplish a goal that was outside the purview of the debt collecting process. Plaintiff fails to allege any purpose attributed to Defendant beyond collecting the debt owed to Perry County Memorial Hospital. Furthermore, Plaintiff admits that she does not know of any evidence that indicates that Defendant knowingly, willfully, or intentionally harmed her. (SUMF ¶ 18).

Plaintiff's failure to impose any malice unto Defendant's state of mind defeats her wrongful garnishment claim as well. Missouri courts have held that a failure to attribute actual malice or legal malice to a wrongful garnishment claim defeats a recovery of punitive damages: "in wrongful garnishment actions in Missouri two types of malice have allowed recovery of punitive damages: actual malice and legal malice. In actual malice, the action is motivated by hatred or ill will. Legal malice has been defined as the intentional doing of a wrongful act without just cause or excuse in reckless disregard of the rights of others." *Moon v. Tower Grove Bank & Trust Co.*, 691 S.W.2d 399, 401 (Mo.App. E.D. 1985). Here, we know Plaintiff has still not satisfied the judgment, so compensatory damages do not exist. Therefore, Plaintiff does not have any recovery available to her under theories of wrongful garnishment and abuse of process, defeating her claims.

#30834847 v1

**D.      Plaintiff's FDCPA claims arising under Defendant's First and Second Garnishment Applications and Orders are time-barred by 15 U.S.C. § 1692(k)(d).**

Section 1692k(d) establishes a separate one-year limitations period for each violation of the FDCPA, thus, "separate communications can create separate causes of action arising from a collection of a single debt." *Demarais v. Gurstel Chargo, P.A.,* 869 F.3d 685, 694 (8th Cir. 2017). Individual mistakes by a creditor have to be timely and cannot simply relate back to the debt in question. In *Demarais*, the court held that a "relating back" standard is not appropriate. Instead, a district court should focus on the individual allegations and determine which allegations are timely pled. *Id*. Plaintiff states an alleged violation by Defendant occurred on July 30, 2020 and May 21, 2021, the date Defendant filed its First and Second Garnishment Application and Order. (SUMF ¶ 10 – 11). Plaintiff did not file suit against Defendant until October 19, 2022, over two years after Defendant's alleged violation. (SUMF ¶ 22).

Plaintiff did not file their lawsuit within the required statutory timeframe; therefore, Plaintiff's suit should be dismissed for such reason.

**CONCLUSION**

For the above reasons, Defendant restates that that it prays that this Honorable Court finds it is entitled to judgment as a matter of law and grant its Motion for Summary Judgment.

**WHEREFORE,** Defendant Huelskamp Law, LLC, requests that this Court enter judgment in Defendant's favor and for such further relief as the Court deems just and proper under the circumstances.

11

#30834847 v1

Respectfully submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Daniel P. Hunkins
Bradley R. Hansmann #53160
Daniel P. Hunkins #69147
600 Kellwood Pkwy, Suite 120
St. Louis, MO 63017
(636) 798-0570
(636) 798-0693 - Fax
bhansmann@wwbhlaw.com
dhunkins@wwbhlaw.com
*Attorneys for Defendant Huelskamp Law, LLC*

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system on this 24th day of November, 2023 on counsel of record.  In addition, the undersigned counsel certifies that he has signed the original of this Certificate and the foregoing pleading.

Richard A. Voytas, Jr.
David A. Weber
Caleb G. Christian
Voytas Law, LLC
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
rick@voytaslaw.com
david@voytaslaw.com
caleb@voytaslaw.com
*Attorneys for Plaintiff*

/s/ Daniel P. Hunkins

12

#30834847 v1