**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI**

**CONNIE ESSMYER,**

     Plaintiff,

v.

**HUELSKAMP LAW, LLC,**

     Defendant.

Case No.   1:22-cv-00140-SNLJ

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER
MOTION FOR PARTIAL SUMMARY JUDGMENT
ON HER FAIR DEBT COLLECTION PRACTICES ACT CLAIMS**

**Introduction**

Summary Judgment is proper for Plaintiff Connie Essmyer ("Connie") on her FDCPA claim because Defendant Huelskamp Law, LLC ("Huelskamp") repeatedly misstated the amount of her hospital debt in a long-running garnishment in Perry County, Missouri. In three consecutive garnishment applications, Huelskamp repeatedly (1) failed to credit all of Connie's payments; (2) overstated the amount of interest that Connie owed; and (3) overstated the principal amount of the debt. From the start of the garnishment process in July, 2020 and for more than a year thereafter, Huelskamp took more interest and costs from Connie than she owed. By the third garnishment application, Huelskamp was attempting to collect more than three thousand dollars from Connie beyond what she owed. Connie visited Huelskamp in person and pleaded with him that he overstated the debt amount.  Huelskamp ignored her and sent her away. At the cost of $1,215, Connie had no other option but to hire counsel to put a stop to the state court collection action.   She was successful in stopping the garnishment and ending the collection case.  In this summary judgment motion, Connie is asking for the $1,215 she spent to stop Huelskamp's abuse, the statutory penalty (as per Section 1692k) of $1,000, and reasonable

attorney's fees as determined by the court and the costs of this action to be determined at a later proceeding.

### Standards of Review

#### A. The "Unsophisticated Consumer"

"The FDCPA is designed to protect consumers from abusive debt collections and to protect ethical debt collectors from competitive disadvantage." *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002). Under the FDCPA, the court must assess the deceptive, misleading or confusing nature of collection activity from the perspective of an "unsophisticated consumer." *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767, 771 (8th Cir. 2001). The "unsophisticated consumer" is assumed to be uninformed or naive and would likely be confused or misled if similar people would be misled. *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000). The "unsophisticated consumer" standard is designed to "protect consumers of below average sophistication or intelligence," but it also contains an "objective element of reasonableness. . ." *Peters*, 277 F.3d at 1054.

#### B. Strict Liability for FDCPA claims

"The FDCPA is a strict liability statute, and a consumer need not show intentional conduct by the debt collector to establish a violation." *Martin v. United Collections Bureau, Inc.*, No. 4:14-CV-804-JAR, 2015 WL 4255405, at *3 (E.D. Mo. July 14, 2015). *See also Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001).

#### C. Summary Judgment

Summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party can move for partial summary judgment on a specific claim or defense

or on a specific part of a claim or defense. Fed. R. Civ. P. 56(a). A plaintiff is entitled to summary judgment if the evidence, viewed in the light most favorable to a defendant, shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986); *Vaughn v. Wallace*, 496 F.3d 908, 911 (8th Cir. 2007). The defendant may not simply rest on the allegations of the pleadings, "but must instead set forth specific facts sufficient to raise a genuine issue for trial." *Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1998). Mere allegations, unsupported by specific facts or evidence beyond the defendant's own conclusions, are insufficient to withstand a motion for summary judgment. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011).

## Summary of Relevant History

On September 12, 2019, Perry, represented by Huelskamp, obtained a debt collection judgment against Connie for $9,351.14. SOF 2–3. Perry had provided medical care to Connie in 2014. SOF 1. The judgment included no taxed costs. SOF 38.

Huelskamp submitted the First Garnishment (20-GARN-935) on July 30, 2020. SOF 5. In the First Garnishment, Huelskamp overstated the amount of interest owed. SOF 7–8. Huelskamp also overstated the principal amount that Connie owed. SOF 9–13. In between the First and Second Garnishments, Huelskamp garnished $2,271.05 from Connie. SOF 16. In Missouri, a debt collection attorney like Huelskamp must first apply garnishment payments to the costs he seeks, then to the interest that he seeks, and then any remainder towards the principal. Mo. Rev. Stat. § 408.040. Huelskamp overstated the interest that Connie owed by at least $7.27. SOF 8. Since Connie's payments as a result of the First Garnishment were more than this amount, Huelskamp collected interest from Connie that she did not owe. SOF 13.

Huelskamp submitted the Second Garnishment (21-GARN-542) on May 21, 2021. SOF

3

17. Huelskamp overstated the amount of interest owed.  SOF 22–23.  Huelskamp also overstated the principal amount that Connie owed.  SOF 24–25.  Huelskamp also failed to credit Connie with the amount she had actually paid towards the debt.  SOF 18–19. In between the Second and Third Garnishments, Huelskamp garnished $4,776.86 from Connie. SOF 26. Since Connie's payments as a result of the Second Garnishment were more than this amount, Huelskamp collected interest from Connie that she did not owe.  SOF 26–28.

Huelskamp submitted the Third Garnishment (22-GARN-533) on April 18, 2022. SOF 29. Huelskamp overstated the amount of interest owed.  SOF 32–34.  Huelskamp also overstated the principal amount that Connie owed.  SOF 34–36.  Huelskamp also failed to credit Connie for all of her payments. SOF 30. Huelskamp also overstated the costs that Connie owed. SOF 37–38. Following the Third Garnishment, Huelskamp garnished $1,667.84 from Connie. SOF 39; Mo. Rev. Stat. § 408.040. Huelskamp overstated the interest that Connie owed by $1,142.48.  SOF 33.  Since Connie's payments as a result of the Third Garnishment were more than this amount, Huelskamp collected interest from Connie that she did not owe.[1]  SOF 40.

During the entire collection process, Huelskamp was utterly uninvolved in the process, notwithstanding the fact that he signed his name to all pleadings and garnishment applications. SOF 46–48.  Huelskamp could not explain a single calculation on the garnishment forms—even with months to prepare for his deposition in this case. Id.  He reviewed absolutely nothing before his non-attorney staff filed it with his signature in the state court collection action. Id.

Connie visited Huelskamp in person and tried to reason with him about the incorrect debt amount.  SOF 42.  Huelskamp turned her away without any answers as to the calculation of her

---

[1] As it is not possible to know the exact date Huelskamp received and applied every garnishment payment from Connie, it is impossible to calculate the precise amount of excess interest Connie paid to Huelskamp under the First, Second, and Third Garnishments. However, it is possible to mathematically prove that Connie paid interest to Huelskamp which was never due or owed under the judgment.

4

debt amount under the judgment.  SOF 43.  Connie was forced to hire counsel at a cost of $1,215 to end the state court garnishment.  SOF 44.

<u>Argument</u>

I.    **Summary Judgment is Proper on Connie's FDCPA Claims**

To prevail on an FDCPA claim, a plaintiff must prove that "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by act or omission a provision of the FDCPA." *Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *2 (E.D. Mo. Jan. 4, 2017).

A.   **Connie Essmyer is a consumer under 15 U.S.C. § 1692a(3) and the debt is a**

 **consumer debt under 15 U.S.C. §1692a(5).**

Connie is a consumer and the debt at issue is a consumer debt. Section 1692a(3) defines consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Perry provided medical care to Connie and later, through its attorney Huelskamp, filed a debt collection suit against Connie arising from this medical care. SOF 1–2. Therefore, Connie is a consumer under the statute. Section 1692a(5) defines consumer debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5). The debt Connie owed arose primarily for personal, family, or household purposes—a medical bill. SOF 1–3. Therefore, the debt is a consumer debt.

B.   **Huelskamp is a "debt collector" under 15 U.S.C. § 1692a(6).**

Huelskamp is routinely involved in the collection of consumer debts owed to others, and

is therefore a debt collector under the FDCPA. "Debt collector" is defined under 15 U.S.C. § 1692a(6) as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Lawyers who regularly, through litigation, attempt to collect consumer debts on behalf of their clients are debt collectors governed by the FDCPA. *Smith v. Stewart, Zlimen & Jungers, Ltd.*, 990 F.3d 640, 644 (8th Cir. 2021). *See also Heintz v. Jenkins*, 514 U.S. 291, 299, 115 S. Ct. 1489, 1493 (1995) (holding that debt collection attorneys are subject to the FDCPA).

Huelskamp regularly collects and attempts to collect other's debts. Huelskamp filed a debt collection suit against Connie to collect Connie's debt owed to Perry. SOF 1–3. In Robert Huelskamp's deposition he stated that Defendant has done "work for various companies and entities that have debt owed to them" since 1996 and typically attempts collection on the judgments he secures for his clients. SOF 49. Huelskamp stated that he has reviewed a lot of various articles of debt collection and that all the members of his office are involved in the debt collection and that they bring him questions about the collection of debts "all day long." Id. He also stated that he has conversations with debtors one-on-one "all the time." Id. When asked if he was a debt collector under the FDCPA, Huelskamp responded, "probably." Id.

As Huelskamp regularly collects or attempts to collect debts owed or due or asserted to be owed or due to another, Huelskamp is a debt collector under 15 U.S.C. § 1692a(6).

**C. Huelskamp Violated Section 1692e.**

Summary judgment is proper on Connie's Section 1692e claim because Huelskamp falsely represented the amount of Connie's debt again and again. Section 1692e prevents a debt collector from using "any false, deceptive, or misleading representation or means in connection

6

with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) specifically prohibits the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Summary judgment is appropriate in favor of a consumer against a debt collector when the collector falsely represents an amount due in a legal pleading. *Womble v. Barton*, 2015 WL 7889628 at *3 (E.D.Mo. 2015). When a collector fails to accurately state the amount of an alleged debt in a communication with a consumer, they have violated Section 1692e(2)(A). *Id*.

Connie suffered a material injury when Huelskamp impermissibly took her wages based on Huelskamp's gross overcalculation of interest and principal amounts due. Not only did Connie's wages get taken for and applied to interest amounts that Huelskamp overstated, Connie was forced to hire counsel at a cost of $1,215 to get the illicit garnishment to stop after Huelskamp rebuffed her in-person efforts to deal with the issue. SOF 41–45. A consumer must have suffered a material injury to sue under the FDCPA. *Hill v. Accounts Receivable Services, LLC*, 888 F.3d 343, 346 (8th Cir. 2018). A debt collector becomes liable to a consumer when his inaccuracies are material. *Garcia v. Law Offices Howard Lee Schiff, P.C.*, 401 F. Supp. 241, 252 (D.Conn. 2019). Federal law in Missouri has not addressed how much more an overstated balance has to be for the consumer to have suffered a material injury or for a debt collector's inaccuracies to become material. However, in *Garcia*, misstating a balance by more than $100 was enough to constitute a material violation of Section 1692(e). *Id*. Huelskamp failed to accurately state the amount of Connie's alleged debt on every garnishment form he filed. SOF 13, 25, 36. In the instant case, Huelskamp overstated Connie's debt by more than $3,000 by the Third Garnishment. SOF 41.

Huelskamp also violated Section 1692e when he falsely represented to Plaintiff (by his signature on all legal pleadings and garnishment forms) that he was actively involved in the

collection process and that he had reviewed her file. 15 U.S.C. §1692e(3); SOF 46–48.  In reality, no attorney reviewed, checked, or was otherwise meaningfully involved in the collection case. *See* 15 U.S.C. §1692e(3) (Section 1692e further highlights other violations related to false representations of communications as being from an attorney). Robert Huelskamp signed the garnishment applications and orders and other documents but did not know where the numbers came from or how they were calculated, and he did not review them for accuracy; he lacked meaningful involvement with the entire process. SOF 46–48.  This utter dereliction of his duty led to all of the debt amounts on all of the garnishment applications being grossly inaccurate.

In this case, Huelskamp's failures were material because they led to a total balance listed on the Third Garnishment that was overstated by thousands of dollars. SOF 41. That meant Connie would continue to be garnished for money she did not owe if she had not hired counsel. SOF 44. Connie suffered a material injury because Huelskamp falsely represented an amount due that was thousands of dollars more than what was actually due. SOF 41. She also suffered emotional distress by being garnished for more than she owed and being unable to get answers about her debt balance from Huelskamp. SOF 41–43, 45. Furthermore, Connie hired and became indebted to an attorney in the amount of $1,215. SOF 44. Huelskamp falsely overrepresenting the amounts Connie actually owed on every form led to Connie's wages getting garnished for and applied to interest amounts that Connie did not owe at the time of each of the three garnishment applications.  SOF 41.  For these reasons, summary judgment in Connie's favor is proper on her Section 1692e claim.

### D.  Huelskamp Violated Section 1692f.

Summary judgment is proper on Connie's Section 1692f claim because Huelskamp violated section 1692f(1) of the FDCPA by overstating the judgment balances on the First,

Second, and Third Garnishments and by thereafter actually collecting interest and cost amounts that Connie did not owe.  SOF 13, 25, 36, 41. Connie suffered actual damage because Defendant collected money that Connie did not owe (SOF 41), and because Connie was forced to hire and become indebted to an attorney in the amount of $1,215 (SOF 44).  Connie suffered frustration and anxiety when she discovered that she was being overcharged by Defendant.  SOF 45. Anxiety and frustration constitute "actual damage," as "[a] consumer who has suffered emotional distress has suffered 'actual damage' under the FDCPA, even if the emotional distress was not severe." *Ploch v. FirstSource Advantage LLC*, 2012 WL 5384876 at *4 (E.D.Mo. 2012).

Section 1692f broadly prevents debt collectors from using unfair or unconscionable means to collect debt. 15 U.S.C. § 1692f. Section 1692f(1) specifically prevents "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt." 15 U.S.C. § 1692f(1). Garnishment forms seeking overstated charges constitute an attempt to collect not permitted by law and plainly violate the language within 1692f(1). *See Duffy*, 215 F.3d at 875. In *Duffy*, the listed interest charges were only "slightly inaccurate." 215 F.3d at 873. For all three of the consumer plaintiffs in *Duffy*, the charges were no more than two dollars above the correct amounts. *Duffy*, 215 F.3d at 873. Regardless, the Eighth Circuit Court of Appeals determined that even that slight of an overcharge was enough to plainly violate the language within 1692f(1). *Id*. at 875.

Huelskamp tried to and did collect amounts that were not expressly authorized by the agreement creating the debt on the First, Second, and Third Garnishments. SOF 13, 25, 36, 40. Summary judgment is therefore proper for Connie on her Section 1692f claim.

### E.  Huelskamp Violated Section 1692d.

Summary judgment is proper on Connie's Section 1692d claim because Huelskamp engaged in conduct intending to harass, oppress, and abuse Connie. Section 1692d prohibits engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. 1692d. While Section 1692d provides a list of examples of conduct that is meant to harass, oppress, or abuse a consumer, these examples "are not meant to limit the application" of the statute. *Bland v. LVNV Funding, LLC*, 128 F. Supp. 3d 1152, 1159 (E.D.Mo. 2015); 15 U.S.C. § 1692d.

As stated above, Huelskamp overstated the amounts of interest on the First and Third Garnishments and the total balances on the First, Second, and Third Garnishments. SOF 8, 13, 25, 33, 36, 40–41. Connie reached out to discuss her balance with Huelskamp to no avail. SOF 42–43. These actions demonstrate abuse and show Huelskamp's willingness to engage in conduct that oppressed Connie in order to collect amounts from Connie that Huelskamp knew or should have known Connie did not owe. Huelskamp thereby violated Section 1692d and materially injured Connie by garnishing interest amounts that Connie could not have owed at the time of each garnishment application. SOF 40–41. Connie suffered anxiety and frustration in this process, and was forced to hire counsel at the cost of $1,215 to end the state court collection action against her. SOF 44–45. Therefore, summary judgment in favor of Connie is proper on her Section 1692d claim.

## F. Connie is Due Actual Damages, Statutory Damages, and Attorney's Fees Pursuant to Section 1692k.

Pursuant to Section 1692k, Connie seeks actual damages, statutory damages, and costs and reasonable attorney's fees from Huelskamp for his violations of the FDCPA discussed above. Section 1692k(a) states that a debt collector that fails to comply with FDCPA provisions with

10

respect to any person is liable in the amount of any actual damage sustained by such person as a result of such failure (15 U.S.C. § 1692k(a)(1)); in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1000 (15 U.S.C. § 1692k(a)(2)(A)); and in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court (15 U.S.C. § 1692k(a)(3)). The factors considered by the court in determining liability include the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. 15 U.S.C. § 1692k(b)(1). Pursuant to Section 1692k(a)(1) and (a)(2)(A), Connie is seeking her actual damages in attorney's fees of $1,215 and the statutory penalty of $1000—totaling $2,215 in damages against Huelskamp.[2]

Connie incurred actual damages due to Huelskamp's persistent and frequent noncompliance (as more fully described in Sections I(C)–(E), *supra*) in the form of attorney's fees paid to her attorney. Consumers' legal fees from the underlying state court collection action are recoverable as actual damages under the FDCPA. *Wiley v. Portfolio Recovery Assocs., LLC*, 594 F. Supp. 3d 1127 (D. Minn. 2022), appeal dismissed sub nom. *Yang v. Portfolio Recovery Assocs., LLC*, No. 22-1901, 2022 WL 19730597 (8th Cir. May 6, 2022). Connie was forced to hire counsel to quash Huelskamp's garnishment proceedings (SOF 44) after Huelskamp refused to end the invalid garnishments following his communications with Connie (SOF 42–43). Connie's actual cost to hire counsel to end Huelskamp's false garnishments was $1,215. SOF 44. Connie can recover these attorney's fees as actual damages in this action, and therefore seeks

---

[2] As discussed in Footnote 1, *supra*, it is impossible to calculate the precise amount of excess interest that Connie paid during the First, Second, and Third Garnishments. Therefore, Connie is seeking with her Motion for Partial Summary Judgment both actual damages of the amount paid to her attorney to end Huelskamp's garnishment proceedings and statutory damages.

$1,215 pursuant to 15 U.S.C. § 1692k(a)(1).

Connie is due the full statutory penalty of $1,000 for Huelskamp's grossly false, overstated and under-credited garnishments. This Court has consistently held that debt collectors' repeated violations warrant an award of the full $1000 statutory penalty under 15 U.S.C. § 1692k(a)(2)(A). *See Poniewaz v. Regent Asset Mgmt. Sols., Inc.*, No. 4:10-CV-867 CEJ, 2010 WL 3584368, at *2 (E.D. Mo. Sept. 7, 2010) (awarding the $1000 statutory penalty as a result of two violating phone calls in which the debt collectors threatened a lawsuit, and hung up on the consumer when the consumer asked for a supervisor); *Reed v. Budzik & Dynia, LLC*, No. 4:11-CV-865 CEJ, 2012 WL 2568140, at *2 (E.D. Mo. July 2, 2012) (finding that when a debt collector left a series of phone messages on consumer's residential phone line and failed to indicate that the communication was from a debt collector or to provide meaningful disclosure of defendant;s identity that that was sufficient to award the full $1,000 statutory penalty); *Missey v. Watson Acquisition Grp., LLC*, No. 4:10CV01788 AGF, 2011 WL 864901, at *1-2 (E.D. Mo. Mar. 10, 2011) (awarding $1,000 statutory damages where defendant made false representations and used deceptive means in the attempt to collect the debt, and at the same time left several phone messages at plaintiff's mother's residence disclosing that plaintiff owed a debt); *Williams v. Delanor, Kemper & Assoc., LLC*, No. 4:11–CV–97 (CAS), 2011 WL 1304896 (E.D. Mo. April 1, 2011) (awarding $1,000 statutory damages where plaintiff received phone call threatening legal action and prosecution, a letter threatening legal action, plus seven additional voicemail messages after defendant was informed plaintiff was represented by counsel); *Jenkins v. Eastern Asset Mgmt., LLC*, 4:08–CV–1032 (CAS) (E.D.Mo. Aug. 19, 2009) (awarding $1,000 statutory damages where defendant called plaintiff at work five times in one week despite being told that plaintiff could not receive calls at work).

Huelskamp repeatedly misstated the amount of Connie's judgment balance across multiple years and in multiple communications. SOF 8, 13, 25, 33, 36, 40–41. He failed to credit all of her payments (SOF 18, 30), overstated the amount of interest she owed (SOF 11, 32), and overstated the principal amount of the debt (SOF 13, 25, 36). Huelskamp additionally failed to be meaningfully involved in the creation of the three garnishments, signing his name to numbers he never understood. SOF 46–48. By the time Connie hired an attorney to stop Huelskamp's repeated violations, he was attempting to collect in excess of three thousand dollars more from Connie than she could have ever owed. SOF 41. Huelskamp refused to end the invalid garnishments following his communications with Connie. SOF 42–43. In multiple communications, Huelskamp failed or refused to correctly provide Connie with the amount she owed under the judgment. Because of these repeated, serious violations of the FDCPA, this Court should award Connie the maximum statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

Finally, in accordance with 15 U.S.C. § 1692k(a)(3), Connie is also seeking the costs of this action and reasonable attorney's fees as determined by the court at a separate proceeding following the granting of her Motion for Partial Summary Judgment.

**<u>Conclusion</u>**

Summary judgment is proper in favor of Connie on her FDCPA claims because Huelskamp collected amounts that were not authorized under statute, falsely represented the interest and judgment balance on each of the three garnishment, and engaged in conduct that harassed and abused Connie in connection with the collection of her debt.

WHEREFORE, Connie respectfully requests this Court enter summary judgment in Connie's favor on her FDCPA claims, award Connie $1,215 in actual damages, the full statutory

penalty of $1000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), reasonable attorney's fees as determined by the court and the costs of this action to be determined at a later proceeding, and for such other and further relief as the Court deems proper.

Respectfully submitted,

**VOYTAS LAW, LLC**

By:    /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
David A. Weber, #70409
Caleb G. Christian, #70830
7321 S. Lindbergh Blvd., Ste. 400
St. Louis, MO  63125
Phone: 314.380.3166
Email: rick@voytaslaw.com
           david@voytaslaw.com
           caleb@voytaslaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 24th day of November, 2023, with notice of case activity generated and sent electronically to all counsel of record.

/s/ Richard A. Voytas, Jr.

14