**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

**CONNIE ESSMYER,**

　　　Plaintiff,

v.                                                                Case No.    1:22-cv-00140-SNLJ

**HUELSKAMP LAW, LLC,**

　　　Defendant.

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Introduction**

Huelskamp Law, LLC ("Huelskamp," "Defendant") should be denied summary judgment on all Plaintiff Connie Essymer's ("Connie," "Plaintiff") claims. Huelskamp's Motion is based completely on false financial figures (Plaintiff's Response to Defendant's Statement of Uncontroverted Material Facts ("R-SUMF") 13, 21) and an ignorance of the damages he caused Connie by forcing her to pay interest and costs that were never owed (R-SUMF 21), causing her to incur attorney's fees to stop his abuse of the garnishment process (R-SUMF 15, 17), and the attending emotional damages his actions caused (R-SUMF 17). Huelskamp is forced to make these empty arguments because no genuine issue of material fact exists that Huelskamp should be denied summary judgment and Connie should have her Motion for Partial Summary Judgment granted.

In each of three consecutive garnishment applications filed against Connie, Huelskamp (1) failed to credit all of Connie's payments; (2) overstated the amount of interest that Connie owed; and (3) overstated the principal amount of the debt. R-SUMF 14-18, 21. From the start of the garnishment process in July 2020 and for more than a year thereafter, Huelskamp took more

interest and costs from Connie than she could have ever owed. R-SUMF 14-18, 21. By the third garnishment application, Huelskamp was attempting to collect more than three thousand dollars from Connie beyond what she could have ever mathematically owed. R-SUMF 21. Connie visited Huelskamp in person and pleaded with him that he overstated the debt amount. R-SUMF 14, 15. Huelskamp ignored her and sent her away. R-SUMF 14, 15. At the cost of $1,215, Connie had no other option but to hire counsel to put a stop to Huelskamp's judgment collection attempts. R-SUMF 15, 17. She was successful in stopping the garnishment and ending the underlying collection case. R-SUMF 15, 17. Under these facts, the Court should deny summary judgment as to Huelskamp and grant summary judgment as to Plaintiff's Motion for Partial Summary Judgment.

<b><u>Standard</u></b>

Defendant bears the burden to demonstrate both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If a rational trier of fact could find for Plaintiff, then summary judgment is not appropriate. *Id.* at 322; Fed. R. Civ. P. 56(a). The evidence in summary judgment should be viewed in the light most favorable to Plaintiff, the party opposing the motion. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986); *Vaughn v. Wallace*, 496 F.3d 908, 911 (8th Cir. 2007).

<b><u>Argument</u></b>

**I.   Summary Judgment is Not Appropriate for Defendant on Connie's FDCPA Claims**

The Court should not grant summary judgment for Defendant on Connie's FDCPA Claims (Count I) as there is no genuine issue of material fact that Huelskamp violated the FDCPA causing an injury in fact to Connie. "The FDCPA is a strict liability statute, and a consumer need not show intentional conduct by the debt collector to establish a violation."

*Martin v. United Collections Bureau, Inc.*, No. 4:14-CV-804-JAR, 2015 WL 4255405, at *3 (E.D. Mo. July 14, 2015). *See also Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001).

In his Motion for Summary Judgment ("Motion"), Huelskamp admits to not following the law in his post-judgment collection actions against Connie. To overcome these admissions of wrongdoing, Huelskamp relies on false financial calculations (R-SUMF 13, 21) and ignores damages he caused Connie—e.g., payment of undue interest and costs (R-SUMF 21), attorney's fees that Connie has incurred (R-SUMF 15, 17), and emotional damages (R-SUMF 17)—in order to claim that his admitted "several errors" and "misstatements" of fact on legal documents warrant the entry of summary judgment in his favor. Huelskamp is not entitled to summary judgment on any of Connie's FDCPA claims as there is no genuine issue of material fact Connie has suffered injuries and damages because of Huelskamp's admitted bad acts. For these reasons, the Court should deny summary judgment to Huelskamp and grant Plaintiff's Motion for Partial Summary Judgment.

**A.  Plaintiff satisfies standing requirements by proving she has an injury in fact.**

Connie has pleaded the necessary facts to support standing in this Court for her FDCPA claims. A consumer must have suffered an injury in fact to have standing to sue under the FDCPA. *Demarais*, 869 F.3d at 690. To establish an injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent. *Id.* Both tangible and intangible injuries can be concrete. *Id.* For standing purposes, "a loss of even a small amount of money is ordinarily an injury." *Id.* at 693. Connie has demonstrated multiple injuries-in-fact caused by Huelskamp's admittedly false reporting of the amounts Connie actually owed under the judgment on every garnishment form he filed.

Under these incorrect garnishments, Connie's wages were garnished, and Huelskamp then applied those garnished wages to costs and interest that were not and could not be due at the time. R-SUMF 21. Huelskamp's reckless failure to follow the law injured Connie by making her pay costs and interest amounts never owed, thus causing her to never be able to pay down the principal balance owed under the judgment, in turn causing all future interest calculations to be incorrect. R-SUMF 21. While it is not possible to calculate the exact amount that Connie owed at the end of the garnishments without the exact date Huelskamp received and applied each garnishment payment from Connie, it is possible to mathematically prove that Connie paid interest to Huelskamp which was never due or owed under the judgment, and thus could not be legally collected. R-SUMF 21. Connie's payment of unowed costs and interest proves she has standing to bring her FDCPA claims against Huelskamp.

Additionally, by the Third and final Garnishment, Huelskamp was overstating Connie's total judgment balance by thousands of dollars. R-SUMF 21. An injury can be "the risk of real harm." *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 331, 136 S. Ct. 1540, 1543, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016). Where the violation of a procedural right granted by statute creates the risk of real harm, a plaintiff "need not allege any additional harm beyond the one Congress has identified." *Demarais*, 869 F.3d at 691; *Spokeo*, 578 U.S. at 342. A plaintiff alleges a concrete injury in fact when he alleges that the defendant's action caused him to obtain an attorney and serve discovery requests and that he had to spend time to defend a meritless legal action. *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 693 (8th Cir. 2017). Connie hired and became indebted to an attorney in the amount of $1,215 to successfully stop Huelskamp's admittedly error-laden and incorrect garnishments. R-SUMF 15, 17. Furthermore, Connie would have continued to be

garnished and paid thousands more dollars than she owed under the judgment if she had not hired counsel to stop Huelskamp from causing her further damages. R-SUMF 15, 17. The risk of Connie paying thousands more dollars than she owed and her being forced to secure counsel to stop the abuses caused by Huelskamp's statutory violations is both a risk of real harm and a concrete injury: ones that the FDCPA is designed to prevent. 15 U.S.C. § 1692. These injuries further satisfy Connie's standing to bring her FDCPA claims.

Additionally, Connie suffered anxiety and emotional distress due to Huelskamp's actions. R-SUMF 17. Anxiety and frustration constitute "actual damage," as "[a] consumer who has suffered emotional distress has suffered 'actual damage' under the FDCPA, even if the emotional distress was not severe." *Ploch v. FirstSource Advantage LLC*, 2012 WL 5384876 at *4 (E.D.Mo. 2012). By being garnished for more than she owed and being unable to get answers about her debt balance from Huelskamp (R-SUMF 14, 15), Connie has suffered actual damages.

For these reasons, Connie has standing to bring her FDCPA claims and Defendant's Motion should therefore be denied.

### B. Statute of Limitations

Connie filed her lawsuit within the required statutory timeframe of one year. 15 U.S.C. § 1692k(d). Connie filed suit on October 19, 2022. SUMF 22. Between July 7, 2021 and March 29, 2022, Huelskamp garnished $4,776.86 from Connie. R-SUMF 21. Huelskamp submitted the Third Garnishment on April 18, 2022, in which Huelskamp overstated the amount of interest owed by $1,142.48, overstated the principal amount owed, overstated the costs, and failed to credit Connie for all of her payments. R-SUMF 21. Following the Third Garnishment, Huelskamp garnished $1,667.84 from Connie. R-SUMF 21; Mo. Rev. Stat. § 408.040. As Connie's payments as a result of the Third Garnishment were more than $1,142.48, Huelskamp

actually collected interest from Connie that she did not owe. R-SUMF 21.

Huelskamp could not explain a single calculation on the Third Garnishment and reviewed absolutely nothing before his non-attorney staff filed it with his signature in the state court collection action. R-SUMF 21. Connie was forced to hire counsel at a cost of $1,215 to end the state court garnishment. R-SUMF 15, 17. All of these actions, which form the basis for Connie's FDCPA claims, occurred within 1 year of when the lawsuit was filed. 15 U.S.C. § 1692k(d). Therefore, the Court should deny Defendant's Motion for Summary Judgment.

**C. Defendant violated § 1692e by admittedly using false information in the garnishments against Plaintiff.**

Huelskamp's Motion should be denied as to Connie's Section 1692e claim as Huelskamp falsely represented the amount of Connie's debt again and again in the garnishments. Section 1692e prevents a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(2)(A) specifically prohibits the "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Summary judgment is appropriate in favor of a consumer against a debt collector when the collector falsely represents an amount due in a legal pleading. *Womble v. Barton*, 2015 WL 7889628 at *3 (E.D.Mo. 2015). When a collector fails to accurately state the amount of an alleged debt in a communication with a consumer, they have violated Section 1692e(2)(A). *Id.*

A debt collector becomes liable to a consumer when his inaccuracies are material. *Garcia v. Law Offices Howard Lee Schiff, P.C.*, 401 F. Supp. 241, 252 (D.Conn. 2019). Federal law in Missouri has not addressed how much more an overstated balance has to be for the consumer to have suffered a material injury or for a debt collector's inaccuracies to become material. However, other courts have found that misstating a balance by more than $100 was enough to

constitute a material violation of Section 1692(e). *Id.*

Connie suffered a material injury when Huelskamp impermissibly took her wages based on Huelskamp's gross overcalculation of interest and principal amounts due. Not only did Connie's wages get taken for and applied to interest amounts that Huelskamp overstated (R-SUMF 21), Connie was forced to hire counsel at a cost of $1,215 to get the illicit garnishment to stop (R-SUMF 15, 17) after Huelskamp rebuffed her in-person efforts to deal with the issue (R-SUMF 14, 15). Huelskamp failed to accurately state the amount of Connie's alleged debt on every garnishment form he filed, overstating Connie's debt by more than $3,000 by the Third Garnishment. R-SUMF 21.

Huelskamp also violated Section 1692e when he falsely represented to Connie (by his signature on all legal pleadings and garnishment forms) that he was actively involved in the collection process and that he had reviewed her file. 15 U.S.C. §1692e(3); R-SUMF 21. In reality, no attorney reviewed, checked, or was otherwise meaningfully involved in Connie's collection case. R-SUMF 21; *see* 15 U.S.C. §1692e(3). Robert Huelskamp signed the garnishment applications and orders and other documents but did not know where the numbers came from or how they were calculated, did not review them for accuracy, and lacked meaningful involvement with the entire process. R-SUMF 21. This utter dereliction of his duty led to all of the debt amounts on all of the garnishment applications being grossly inaccurate. R-SUMF 21.

In this case, Huelskamp's failures were material because Huelskamp overrepresented the amounts Connie actually owed on every form led to Connie's wages getting garnished for and applied to interest amounts that Connie did not owe at the time of each of the three garnishment applications. R-SUMF 21. Further, Huelskamp's failures led to a total balance listed on the Third

Garnishment that was overstated by thousands of dollars. R-SUMF 21. That meant Connie would continue to be garnished for thousands of dollars she did not owe if she had not hired counsel. R-SUMF 15, 17, 21. Connie suffered a material injury because Huelskamp falsely represented an amount due that was thousands of dollars more than what was actually due. R-SUMF 21. She also suffered emotional distress by being garnished for more than she owed (R-SUMF 17) and being unable to get answers about her debt balance from Huelskamp (R-SUMF 14, 15). As previously stated, in response to and reliance on the wrongful garnishments, Connie hired and became indebted to an attorney in the amount of $1,215. R-SUMF 15, 17. For these reasons, the Court should deny Defendant's Motion for Summary Judgment and grant summary judgment in Connie's favor on her Section 1692e claim.

### D. Defendant violated § 1692f by admittedly collecting amounts from Plaintiff not owed under the judgment.

Huelskamp's Motion should be denied as to Section 1692f as Huelskamp violated section 1692f(1) of the FDCPA by overstating the judgment balances on the First, Second, and Third Garnishments and by thereafter actually collecting interest and cost amounts that Connie did not owe. R-SUMF 21. Section 1692f broadly prevents debt collectors from using unfair or unconscionable means to collect debt. 15 U.S.C. § 1692f. Section 1692f(1) specifically prevents "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt." 15 U.S.C. § 1692f(1). Anxiety and frustration constitute "actual damage," as "[a] consumer who has suffered emotional distress has suffered 'actual damage' under the FDCPA, even if the emotional distress was not severe." *Ploch v. FirstSource Advantage LLC*, 2012 WL 5384876 at *4 (E.D.Mo. 2012).

Garnishment forms seeking overstated charges constitute an attempt to collect not

permitted by law and plainly violate the language within 1692f(1). *See Duffy v. Landberg,* 215 F.3d 871, 875 (8th Cir. 2000). In *Duffy*, the listed interest charges were only "slightly inaccurate." 215 F.3d at 873. For all three of the consumer plaintiffs in *Duffy*, the charges were no more than two dollars above the correct amounts. *Duffy*, 215 F.3d at 873. Regardless, the Eighth Circuit Court of Appeals determined that even that slight of an overcharge was enough to plainly violate the language within 1692f(1). *Id.* at 875.

Huelskamp admittedly tried to and did collect amounts that were not expressly authorized by the agreement creating the debt on the First, Second, and Third Garnishments. R-SUMF 21. Connie suffered actual damage and concrete injury because Huelskamp collected costs and interest that Connie did not owe (R-SUMF 21), and because Connie was forced to hire and become indebted to an attorney in the amount of $1,215 to stop Huelskamp's false garnishments (R-SUMF 15, 17). Connie suffered frustration and anxiety when she discovered that, after relying for years on the validity of his legal representations, she was being overcharged by Huelskamp. R-SUMF 17. For these reasons, the Court should deny Defendant's Motion for Summary Judgment and grant summary judgment in Connie's favor on her Section 1692f claim.

### E. Defendant violated § 1692d by oppressing Plaintiff through admittedly false court filings and collection procedures regarding the judgment.

Huelskamp's Motion should be denied as to Section 1692d as Huelskamp engaged in conduct intended to harass, oppress, and abuse Connie. Section 1692d prohibits engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. 1692d. While Section 1692d provides a list of examples of conduct that is meant to harass, oppress, or abuse a consumer, these examples "are not meant to limit the application" of the statute. *Bland v. LVNV Funding, LLC*, 128 F. Supp. 3d 1152, 1159 (E.D.Mo. 2015); 15 U.S.C. § 1692d.

Huelskamp overstated the amounts of interest on the First and Third Garnishments and the total balances on the First, Second, and Third Garnishments. R-SUMF 21. Connie reached out to discuss her balance with Huelskamp to no avail. R-SUMF 14, 15. These actions demonstrate abuse and show Huelskamp's willingness to engage in conduct that oppressed Connie in order to collect amounts from Connie that Huelskamp knew or should have known Connie did not owe. Huelskamp thereby violated Section 1692d and materially injured Connie by garnishing interest amounts that Connie could not have owed at the time of each garnishment application. R-SUMF 21. In response to Huelskamp's improper garnishments, Connie suffered anxiety and frustration (R-SUMF 17), and was forced to hire counsel at the cost of $1,215 to end the state court collection action against her (R-SUMF 15, 17). For these reasons, the Court should deny Defendant's Motion for Summary Judgment and grant summary judgment in Connie's favor on her Section 1692d claim.

## II. Summary Judgment is Not Appropriate for Defendant on Connie's Wrongful Garnishment Claims

The Court should deny Huelskamp's summary judgment on Connie's Wrongful Garnishment claim (Count II) because Huelskamp misused or abused Missouri's garnishment statutes by violating Missouri Statute 525.110 while garnishing Connie's wages. "In order to state a claim for wrongful garnishment, a plaintiff must allege that the garnished property is his property and also must allege abuse or misuse of the garnishment statute." *Howard v. Frost Nat'l Bank*, 458 S.W.3d 849, 854 (Mo. Ct. App. 2015); *Noe v. Chastain*, No. 6:19-cv-03030-SRB, 2019 WL 1560464, at *4 (W.D.Mo. 2019). Garnishment executions must be conducted in accordance with the law. Mo. Rev. Stat. § 525.110. Missouri Statute 525.110 states that "when judgment is rendered against any garnishee, the execution shall be such as is allowed by law on a general judgment." Mo. Rev. Stat. § 525.110. In other words, when a creditor uses garnishment

to force a consumer to pay off a judgment, the creditor cannot use illegal methods or tactics when garnishing the consumer. *See* Mo. Rev. Stat. § 525.110.

Connie's earned wages are her property, and Huelskamp garnished those wages. R-SUMF 20, 21; Mo. Rev. Stat. 525.040; *see In Re Wade*, 219 B.R. 815, 822 (B.A.P. 1998) ("earned wages or property is the money actually transferred"); *Garner v. Barton*, No. 4:14-CV-200-CEJ, 2015 WL 1120085, at *5 (E.D.Mo. 2015) (acknowledging that the consumer's earned wages were his property in an action for conversion). Huelskamp specifically abused Section 525.110 by increasing interest amounts and total balances on the First, Second, and Third Garnishments beyond what Connie actually owed under the judgment. R-SUMF 21. Huelskamp accomplished these admittedly false calculations by using incorrect balances, basing interest amounts on said incorrect balances, failing to include all Connie's payments, and inappropriately adding costs. R-SUMF 21.

Huelskamp's failures led to a total balance listed on the Third Garnishment that was overstated by thousands of dollars. R-SUMF 21. Connie would have continued to be garnished for money she did not owe if she had not hired counsel and became indebted to said attorney in the amount of $1,215. R-SUMF 15, 17. She also suffered emotional distress by being garnished for more than she owed and being unable to get answers about her debt balance from Huelskamp. R-SUMF 17.

Huelskamp falsely overrepresenting the amounts Connie actually owed on every form led to Connie's wages getting garnished and applied to interest amounts that Connie did not and never could have owed. R-SUMF 21. The payments for interest and costs she did not owe, the fact that she was forced to hire and become indebted to an attorney, and the emotional distress Connie suffered as a result of these wrongful garnishments all constitute actual and

compensatory damages.

Connie is additionally entitled to punitive damages. "[I]n wrongful garnishment actions in Missouri two types of malice have allowed recovery of punitive damages: actual malice and legal malice. . . . Legal malice has been defined as the intentional doing of a wrongful act without just cause or excuse in reckless disregard of the rights of others." *Moon v. Tower Grove Bank & Tr. Co.*, 691 S.W.2d 399, 401 (Mo. Ct. App. 1985). As an attorney, Huelskamp knows that you need to review things that you sign as an attorney (Mo. Rule 4-4.1) and knows he cannot assist others in practicing law without a license. Mo. Rule 4-5.5. He chose to sign garnishment forms that he had not reviewed containing calculations that he did not understand. R-SUMF 21. Even when Connie called him on the phone and visited his office to try to get an explanation for why the numbers were not adding up, Huelskamp did not change his ways. R-SUMF 21. With these intentional acts, Huelskamp recklessly disregarded Connie's rights through a procedure of legal malice. At the very least, based on the controverted facts present, a rational fact-finder could find punitive damages against Huelskamp.

Huelskamp abused or misused Missouri's garnishment statutes by violating Missouri Statute 525.110 while garnishing Connie's wages. For that reason, summary judgment in Defendant's favor is not proper on Connie's Wrongful Garnishment claim. The Court should deny Defendant's Motion for Summary Judgment.

## III.   Summary Judgment is Not Appropriate for Defendant on Connie's Abuse of Process Claims

The Court should deny summary judgment for Huelskamp on Connie's Abuse of Process claims (Count III) because Huelskamp improperly used the garnishment process for the purpose of harassing Connie, inflating balances owed, and forcing Connie to pay interest and cost amounts that she did not owe, which resulted in damages to Connie. Abuse of process occurs

when someone uses coercion to gain a collateral advantage, which can take the form of a payment of money. *Mueller v. Barton*, 2014 WL 4546061 at *14 (E.D.Mo. 2014). To establish an abuse of process claim, a litigant must prove that the debt collector made an illegal or improper use of process that is neither warranted nor authorized by the process, the debt collector had an improper purpose in using the process in that way, and damage resulted. *Bland*, 128 F. Supp. 3d at 1161; *Robinett v. Tarr*, 2015 WL 5785828 at *2 (E.D.Mo. 2015). The garnishment process only allows a creditor to take wages and property from the consumer in a way authorized by law. Mo. Rev. Stat. § 525.110.

Huelskamp abused the garnishment process by filing false and inflated garnishments against Connie. R-SUMF 21. A valid abuse of process claim is made relating to improper garnishment when it is based on "the filing of an allegedly false garnishment application to falsely inflate the amounts that could be taken…" *Dease v. Ardmore Finance Corporation*, No. 4:21-CV-00719-NAB, 2022 WL 1488583 at *5 (E.D.Mo. 2022). In *Dease*, the garnishment application submitted to the court under-reported what the consumer had paid to take more money from him than what he owed. *Id*. The court held that the submission of a garnishment application containing false information to take money from the debtor established a proper abuse of process claim for the consumer. *Id*.

Huelskamp is liable for abuse of process because he filed three false garnishment applications with the state court which understated the amount that Connie had paid, overstated the principal, interest, and costs, and sought to take more money from Connie than what she owed under the judgment. R-SUMF 21. This caused Connie emotional distress once she realized that the amounts on the forms were blatantly incorrect after years of relying on their supposed accuracy (R-SUMF 17), and she had to hire and become indebted to counsel to stop Huelskamp

from taking any more money from her (R-SUMF 15, 17). While the garnishment process allows a debt collector to take wages from someone in a way authorized by law, it does not authorize creating new interest amounts and total balances that do not line up with basic math. *See Dease*, 2022 WL 1488583 at *5; Mo. Rev. Stat. § 525.110. The garnishment process also does not authorize using those balances to garnish a debtor for more than they owe. *See Dease*, 2022 WL 1488583 at *5; Mo. Rev. Stat. § 525.110. Here, Huelskamp used false amounts on the First, Second, and Third Garnishments to take more money than was authorized from Connie's wages. R-SUMF 21.

Huelskamp's admittedly false reporting of interest amounts and total balances was done to receive more money from Connie than was necessary to satisfy her judgment. R-SUMF 21. Huelskamp also added costs without getting them approved by the court to attempt to collect additional money without following the proper process. R-SUMF 21. Connie's garnished money became a collateral advantage that Huelskamp obtained through his improper use of the garnishment process. Huelskamp could have tried to fix this problem when Connie brought it to his attention, but instead he ignored her, choosing to continue to abuse the process for the purpose of collecting more money improperly through the garnishment process. R-SUMF 14, 15.

Finally, damage resulted from the above-described conduct because Connie paid interest and costs she did not and could not owe and also had to hire and become indebted to counsel to stop Huelskamp from continuing to illegally garnish her for more than she owed. R-SUMF 15, 17. Because of these events, Connie suffered from anxiety, frustration, and emotional distress. R-SUMF 17. For these reasons, Connie suffered actual damage from Huelskamp's abuse of the garnishment process. *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990); *Hefley v. J & M Sec., LLC*, No. 4:15CV01578 ERW, 2016 WL 2643477, at *1 (E.D. Mo. May 10, 2016) (holding that

the consumer suffered actual damages related to monetary loss, embarrassment, stress, anxiety, and financial hardship).

Since Huelskamp improperly and illegally used the garnishment process for an improper purpose and damage resulted, summary judgment is not proper in Defendant's favor on Connie's abuse of process claim. The Court should deny Defendants' Motion for Summary Judgment.

## Conclusion

WHEREFORE, Plaintiff Connie Essmyer respectfully requests this Court deny Defendant Huelskamp Law, LLC's Motion for Summary Judgment in its entirety, and to enter summary judgment in Plaintiff's favor on her FDCPA claims.

Respectfully submitted,

**VOYTAS LAW, LLC**

By:    /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
David A. Weber, #70409
Caleb G. Christian, #70830
7321 S. Lindbergh Blvd., Ste. 400
St. Louis, MO 63125
Phone: 314.380.3166
Email: rick@voytaslaw.com
      david@voytaslaw.com
      caleb@voytaslaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the Eastern District of Missouri, this 15th day of December, 2023, with notice of case activity generated and sent electronically to all counsel of record.

/s/ Richard A. Voytas, Jr.