**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CONNIE ESSMYER | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:22-cv-00140 |
| | ) | |
| v. | ) | |
| | ) | |
| HUELSKAMP LAW, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT HUELSKAMP LAW, LLC'S RESPONSES TO PLAINTIFF'S**
**STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

COMES NOW, Defendant Huelskamp Law, LLC. (hereinafter "Defendant"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 56, and for its Responses to Plaintiff's Statement of Uncontroverted Material Facts, states as follows:

1.      Perry County Memorial Hospital ("Perry") provided Connie with medical care for personal, family, or household purposes in 2014. Exhibit 11, Essmyer Deposition pp. 12–14.

**RESPONSE: Defendant admits Plaintiff testified that Perry provided Connie with medical care in 2014. Defendant denies the remaining allegations because they are not supported by the "evidence" cited by Plaintiff. (*See* Plaintiff's Exhibit 11, pg. 12-14).**

2.      On May 21, 2019, Perry, represented by Defendant Huelskamp Law, LLC, filed a debt collection suit against Connie. Exhibit 1, Petition.

**RESPONSE: Deny. Defendant filed a debt collection suit against Connie on June 6, 2019. (*See* Plaintiff's Exhibit 1).**

3.      On September 12, 2019, the Court entered judgment against Connie and in favor of Perry in the amount of $9,351.14; there were no taxed costs. Exhibit 2, Judgment.

**RESPONSE: Defendant admits that Court entered a consent judgment against**

#30882878 v1

Connie and in favor of Perry in the amount of $9,351.14. Defendant denies the remaining allegations because the Court taxed costs in the amount of $222.35. (*See* Plaintiff's Exhibit 2).

4.    Between September 12, 2019, and July 30, 2020, Connie paid $1,016.61 toward the total balance due under the judgment. Exhibit 3, First Garnishment

**RESPONSE: Deny. (*See* Defendant's Exhibit A, pp. 16 – 17 & 28 – 29; Exhibit B, ¶10; and proof of payment, attached as Exhibit C).**

5.    On July 30, 2020, Huelskamp submitted his first garnishment application and order ("First Garnishment") to the court. Exhibit 3, First Garnishment.

| | | | |
|---|---|---|---|
| MEMORIAL HOSPITAL vs. | $9,351.14 | | (Date File Stamp) |
| Respondent(s):<br>CONNIE ESSMYER<br>JOSEPH ESSMYER | Please Issue: Garnishment<br>For: ☐ Bank Account ☐ Bond ☑ Wages<br>☐ Other: _____ | Requested Return/End Date:<br>☐ 30 Days  ☐ 60 Days  ☐ 90 Days<br>☐ 120 Days ☐ 150 Days ☐ 180 Days<br>☑ Continuous (for wages only) | |

**Garnishment Application and Order**
(This form must be completed in full or your request will be returned unprocessed.)

| To (County/City of St. Louis): CERTIFIED MAIL | Amount Remaining Unpaid (To be completed by Applicant) | |
|---|---|---|
| Debtor Name/Address: CONNIE ESSMYER<br>11212 STATE HWY C<br>STE. GENEVIEVE, MISSOURI 63670 | Judgment Balance<br>Total amount of the judgment awarded on the day judgment is entered including, but not limited to, principal, prejudgment interest, and all costs and/or fees. $ | 9,351.14 |
| Debtor SSN (last four digits): XXX-XX- 6045 | Post Judgment Interest  $ | 750.11 |
| **Garnishee Name and Address:**<br>PIVA GROUP NORTH AMERICA<br>ATTN: PAYROLL<br>5 TRAUTMAN INDUSTRIAL COURT<br>STE. GENEVIEVE, MISSOURI 63670<br>Garnishee ID # (court use only): _____ | Post Judgment Costs  $ | |
| | Service Fee for this Writ  $ | 8.35 |
| | Garnishment Clerk Fee Surcharge  $ | 10.00 |
| | Taxes  $ | |
| Creditor: PERRY COUNTY MEMORIAL HOSPITAL | Child Support/Maint under 12 wks.  $ | |
| Attorney: ROBERT D. HUELSKAMP | Child Support/Maint over 12 wks.  $ | |
| Missouri Bar No.: 32319 | Other: _____  $ | |
| A judgment was entered on the above referenced date and remains unsatisfied.<br>The garnishor knows or has reason to believe the garnishee is indebted to debtor. The garnishee is obligated to make periodic payments to debtor, or the garnishee has control/custody of money and/or bonds belonging to debtor.<br>Signature: _____<br>Date: 7/30/2020<br>Address & Telephone Number:<br>PO BOX 506<br>STE. GENEVIEVE, MO 63670<br>(573)883-5793 | Less Credits  ($ | 1,016.61) |
| | **TOTAL DUE**  $ | **9,102.99** |
| | Instructions for Service and/or Garnishee: Include applicable instructions.<br><br>PLEASE WITHHOLD WAGES, SALARY, COMMISSIONS, BONUSES, PAY, PROFIT SHARING, CASH BENEFITS OR OTHER INCOME PAYABLE TO DEBTOR.<br><br>DEDUCT AMOUNTS AT 25%. | |

**Requested by Applicant**
Make payments to: ☑ Court ☐ Attorney    Make Checks Payable To: PERRY COUNTY CIRCUIT COURT
Mail Funds To: 15 W. STE. MARIE ST., PERRYVILLE, MO 63775

**Writ of Garnishment** (To be completed by Court Clerk)
The State of Missouri to the Sheriff of any County in the State of Missouri
Because a judgment was entered against the above debtor in this court and there is a balance, accrued interest, and costs as stated above unpaid from said judgment, you are commanded to execute this writ by following the instructions on the reverse side of this writ and on the return date shown below to certify to this court how you executed this writ.

| (Seal) | Issuing County: | Document ID / Garn Number: |
|---|---|---|
| | Issue Date: | Return Date (if applicable): |
| | Issued By (Clerk): | |
| | Court Address: | |

2

**RESPONSE**: Admit.

6.      The First Garnishment was labeled as 20-GARN-935. See the garnishments tab of case no. 19PR-AC00283 and Exhibit 4, First Garnishment Payments.

**RESPONSE:**

**Objection. Exhibit 4 is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena*, **152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.*, **217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart*, **230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC*, **2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further denies this Statement of Fact because it is not supported by the screenshot cited by Plaintiff. (***See* **Plaintiff's Exhibit 4).**

7.      With no payment whatsoever from Connie, the maximum interest accrual from the date of the judgment to the July 30, 2020 First Garnishment was $742.84:

3



*See* <u>Exhibit 9A</u>, First Interest Calculation.

**RESPONSE: Objection. Exhibit 9A is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC***, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

8.      Huelskamp, rather than reporting $742.84 in interest was due, reported to Connie and the court that interest had accrued in the amount of $750.11. <u>Exhibit 3</u>, First Garnishment.

This mistake overstated the amount of interest owed and therefore overstated the debt amount. Exhibit 3, First Garnishment; Exhibit 9A, First Interest Calculation.

**RESPONSE: Objection. Exhibit 9A is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena*, **152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.*, **217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart*, **230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC*, **2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant admits Exhibit 3 states an amount of Post-Judgment Interest of $750.11. Defendant denies the remaining Statement of Fact because it is not supported by the "evidence" cited by Plaintiff. (***See* **Plaintiff's Exhibit 3).**

9.      From September 12, 2019 to June 30, 2020 Connie's payments totaling $1,016.61 would have significantly paid down the principal amount of the judgment.   Exhibit 3, First Garnishment.

**RESPONSE: Deny. Defendant denies this Statement of Fact because it is not supported by the "evidence" cited by Plaintiff. (***See* **Plaintiff's Exhibit 3).**

10.      This is because the maximum accrued interest of $742.84 was hundreds of dollars

5

less than the $1,016.61 Connie paid.  Exhibit 3, First Garnishment; Exhibit 9A, First Interest Calculation; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibit 9A is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC***, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (***See*** Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant denies the remaining allegations in this Statement of Fact because it is not supported by the "evidence" cited by Plaintiff. (***See*** Plaintiff's Exhibit 3 and 12).**

11.   Even if Connie had paid the entire $1,016.61 on July 30, 2020, the very day of the First Garnishment, accrued interest in the amount of $742.84 would be paid in its entirety and the

#30882878 v1

principal amount of the judgment would be reduced by $273.77 to $9,077.37. <u>Exhibit 3</u>, First Garnishment; <u>Exhibit 9A</u>, First Interest Calculation; <u>Exhibit 12</u>, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**<u>RESPONSE</u>: Objection. Exhibit 9A is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that Interrogatory No. 9 contains this statement.**

12.     When the $8.35 service fee and $10 garnishment clerk fee surcharge (both from <u>Exhibit 3</u>) are added to this amount, the maximum principal balance that could be due (and that

#30882878 v1

could accrue interest) on July 30, 2020 was $9,095.72, not the $9,102.99 that Huelskamp reported on the First Garnishment. Exhibit 3, First Garnishment; Exhibit 9A, First Interest Calculation; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9. As the bulk of the $1,016.61 would have been received far earlier than July 30, 2020, more principal would have been paid off and the true balance is likely far lower than the maximum possible balance of $9,095.72. Id.

**RESPONSE: Objection. Exhibit 9A is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC***, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (***See* **Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that Interrogatory No. 9 contains this statement.**

8

13.     Huelskamp, rather than report a balance due of $9,095.72, reported the balance due as $9,102.99. This is an error of at least $7.27 in Huelskamp's favor, and constitutes an amount that Connie could not possibly have owed.  Exhibit 3, First Garnishment; Exhibit 9A, First Interest Calculation; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibit 9A is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC***, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (***See*** Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that Interrogatory No. 9 contains this statement. (***See*** Plaintiff's Exhibit 3 and 12).**

#30882878 v1

14.    Huelskamp actually extracted garnishment payments from Connie after the First Garnishment.  Exhibit 4, First Garnishment Payments.

**RESPONSE: Objection. Exhibit 4 is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena*, **152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.*, **217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart*, **230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC*, **2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

15.    Garnishment payments first pay down costs, then interest, and then finally principal.  Mo. Rev. Stat. § 408.040.

**RESPONSE: Objection. Defendant objects pursuant to Rule 56(c)(2) because Plaintiff cites to a statute which is not evidence.**

16.    Between July 30, 2020, and May 24, 2021, Huelskamp garnished Connie's wages in the total amount of $2,271.05. Exhibit 4, First Garnishment Payments. Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9. Included in this amount collected were the overstated interest and principal amounts identified above. Id.

**RESPONSE: Objection. Exhibit 4 is an unauthenticated printout from a website and**

10

further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at *3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).

Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).

### *Huelskamp Files The Second Garnishment, Makes Multiple Errors to Overstate the Debt*

17.    On May 21, 2021, Huelskamp submitted his second garnishment application and order ("Second Garnishment") to the court, labeled as 21-GARN-542. Exhibit 5, Second Garnishment. See the garnishments tab of case no. 19PR-AC00283 and Exhibit 7, Second Garnishment Payments.

#30882878 v1

| MEMORIAL HOSPITAL vs. | Original Amount of Judgment: $9,351.14 | (Date File Stamp) |
|---|---|---|
| Respondent(s): CONNIE ESSMYER JOSEPH ESSMYER | Please Issue: Garnishment For: ☐ Bank Account ☐ Bond ☑ Wages ☐ Other: _____ | Requested Return/End Date: ☐ 30 Days  ☐ 60 Days  ☐ 90 Days ☐ 120 Days ☐ 150 Days ☐ 180 Days ☑ Continuous (for wages only) |

**Garnishment Application and Order**
(This form must be completed in full or your request will be returned unprocessed.)

| To (County/City of St. Louis): STE. GENEVIEVE | | Amount Remaining Unpaid (To be completed by Applicant) | |
|---|---|---|---|
| Debtor Name/Address: CONNIE ESSMYER 11212 STATE HWY C STE. GENEVIEVE, MISSOURI 63670 | | Judgment Balance Total amount of the judgment awarded on the day judgment is entered including, but not limited to, principal, prejudgment interest, and all costs and/or fees. | $ 9,351.14 |
| Debtor SSN (last four digits): XXX-XX- 6045 | | Post Judgment Interest | $ 634.73 |
| Garnishee Name and Address: PIVA GROUP NORTH AMERICA ATTN: PAYROLL 5 TRAUTMAN INDUSTRAIL COURT STE. GENEVIEVE, MISSOURI 63670 Garnishee ID # (court use only): _____ | | Post Judgment Costs | $ |
| | | Service Fee for this Writ | $ 8.40 |
| | | Garnishment Clerk Fee Surcharge | $ 10.00 |
| | | Taxes | $ |
| Creditor: PERRY COUNTY MEMORIAL HOSPITAL | | Child Support/Maint under 12 wks. | $ |
| Attorney: ROBERT D. HUELSKAMP | | Child Support/Maint over 12 wks. | $ |
| Missouri Bar No.: 32319 | | Other: _____ | $ |
| A judgment was entered on the above referenced date and remains unsatisfied. The garnishor knows or has reason to believe the garnishee is indebted to debtor. The garnishee is obligated to make periodic payments to debtor, or the garnishee has control/custody of money and/or bonds belonging to debtor. Signature / _____ Date: _____ May 21, 2021 Address & Telephone Number: PO BOX 506 STE. GENEVIEVE, MO 63670 (573)883-5793 | | Less Credits | ($ 2,050.47) |
| | | **TOTAL DUE** | **$ 7,953.80** |
| | | Instructions for Service and/or Garnishee: Include applicable instructions. PLEASE WITHHOLD WAGES, SALARY, COMMISSIONS, BONUSES, PAY, PROFIT SHARING, CASH BENEFITS OR OTHER INCOME PAYABLE TO DEBTOR. DEDUCT AMOUNTS AT 25%. | |
| Requested by Applicant Make payments to: ☑ Court ☐ Attorney    Make Checks Payable To: PERRY COUNTY CIRCUIT COURT Mail Funds To: 15 W. STE. MARIE ST., PERRYVILLE, MO 63775 | | | |

**RESPONSE: Objection.** Exhibit 7 is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate*

12

#30882878 v1

*Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at *3 (E.D. Mo. July 12, 2005). **Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant admits it filed second garnishment on May 21, 2021.**

18.     The Second Garnishment did not include the previously paid $1,016.61 as a credit. Exhibit 5, Second Garnishment.

**RESPONSE: Defendant admits that Exhibit 5 has credits listed of $2,050.47, not $1,016.61.**

19.     At minimum, the Second Garnishment therefore overstated the total debt amount by $1,016.61. Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that Interrogatory No. 9 contains this statement.**

20.     In the Second Garnishment, Huelskamp credited Connie for $2,050.47—money that was garnished from Connie pursuant to the First Garnishment. Exhibit 4, First Garnishment Payments; Exhibit 5, Second Garnishment.

**RESPONSE: Objection. Exhibit 4 is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on**

#30882878 v1

**personal knowledge setting forth such facts as would be admissible in evidence….”** *Stuart v. Gen. Motors Corp.*, **217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). “This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible.”** *Allied Property and Casualty Insurance Company v. Stuart*, **230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC*, **2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant admits that Exhibit 5 has credits listed of $2,050.47. Defendant denies the remaining allegations because they are not supported by the “evidence” cited by Plaintiff. (***See*** Plaintiff's Exhibit 5).**

21.     In the Second Garnishment, Huelskamp listed the total balance as of May 21, 2021 as $7,953.80. <u>Exhibit 5</u>, Second Garnishment.

**RESPONSE: Admit.**

22.     Because the maximum possible balance owed on July 30, 2020 was $9,095.72 (SOF 12, *supra*), the maximum possible interest that could have accrued (even without any interim payments, which of course Huelskamp received) from July 30, 2020 to May 21, 2021 was $661.06:

14

#30882878 v1



*See* <u>Exhibit 9B</u>, Second Interest Calculation.

**RESPONSE: Objection. Exhibit 9B is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC***, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

23.     Assuming that all of Connie's $2,271.05 in payments were made on the latest possible day, May 21, 2021, the date of the Second Garnishment, the entirety of the $661.06 in

accrued interest would have been paid in addition to $1,609.99 in principal repayments.  Exhibit 7, Second Garnishment Payments; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibit 7 is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC***, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (***See* **Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that Interrogatory No. 9 contains this statement.**

24.     Therefore, the maximum balance due was $7,485.73 plus $8.40 for service fees and $10 for the garnishment fee surcharge, for a grand total maximum possible balance of $7,504.13

16

#30882878 v1

as of May 21, 2021. Exhibit 7, Second Garnishment Payments; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibit 7 is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC***, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that Interrogatory No. 9 contains this statement.**

25.     Accordingly, the balance due that Huelskamp reported in the Second Garnishment of $7,953.80 is incorrect and overstates the true amount of the debt.  Exhibit 9B, Second Interest Calculation; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibit 9B is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC***, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that Interrogatory No. 9 contains this statement.**

26.     Between the date of the Second Garnishment and March 29, 2022, Huelskamp garnished Connie's wages in the amount of $4,776.86. Exhibit 6, Third Garnishment; Exhibit 7, Second Garnishment Payments; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibit 7 is an unauthenticated printout from a website and**

18

#30882878 v1

further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).

Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).

Defendant denies the remaining allegations because they are not supported by the "evidence" cited by Plaintiff. (*See* Plaintiff's Exhibit 6).

27.     At least part of this $4776.86 would have gone to pay down the overstated principal amount of the debt, as garnishment payments first pay down costs, then interest, and then finally principal.   Mo. Rev. Stat. § 408.040; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff**

**relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant denies this allegation because Plaintiff is citing to a statute which is not evidence, as required pursuant to FRCP 56.**

28.     By the conclusion of the Second Garnishment, Connie paid Huelskamp $8,064.52 ($4,776.86 + $2,271.05 + $1,016.61). Exhibit 3, First Garnishment; Exhibit 4, First Garnishment Payments; Exhibit 5, Second Garnishment; Exhibit 6, Third Garnishment; Exhibit 7, Second Garnishment Payments; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibits 4 and 7 are unauthenticated printouts from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on**

discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).

Defendant admits that Interrogatory No. 9 contains this statement.

### *Huelskamp Files The Third Garnishment, Makes Errors that Overstate the Debt*

29.    On April 18, 2022, Huelskamp submitted his third garnishment application and order ("Third Garnishment") to the court, labeled as 22-GARN-533. Exhibit 6, Third Garnishment. See the garnishments tab of case no. 19PR-AC00283 and Exhibit 8, Third Garnishment Payments.

| Respondent(s):<br>CONNIE ESSMYER<br>JOSEPH ESSMYER | Please Issue: Garnishment<br>For: ☐ Bank Account ☐ Bond ☑ Wages<br>☐ Other: _____ | Requested Return/End Date:<br>☐ 30 Days  ☐ 60 Days  ☐ 90 Days<br>☐ 120 Days ☐ 150 Days ☐ 180 Days<br>☑ Continuous (for wages only) | |
|---|---|---|---|
|  | **Garnishment Application and Order**<br>(This form must be completed in full or your request will be returned unprocessed.) | | |
| To (County/City of St. Louis): STE. GENEVIEVE |  | Amount Remaining Unpaid (To be completed by Applicant) | |
| Debtor Name/Address: CONNIE ESSMYER<br>11212 STATE HWY C<br>STE. GENEVIEVE, MISSOURI 63670 | Judgment Balance<br>Total amount of the judgment awarded on the day judgment is entered including, but not limited to, principal, prejudgment interest, and all costs and/or fees. | $ | 9,351.14 |
| Debtor SSN (last four digits): XXX-XX-6045 | Post Judgment Interest | $ | 1758.95 |
| Garnishee Name and Address:<br>PIVA GROUP NORTH AMERICA<br>ATTN: PAYROLL<br>5 TRAUTMAN INDUSTRAIL COURT<br>STE. GENEVIEVE, MISSOURI 63670<br>Garnishee ID # (court use only): _____ | Post Judgment Costs | $ | 18.40 |
| | Service Fee for this Writ | $ | 10.85 |
| | Garnishment Clerk Fee Surcharge | $ | 10.00 |
| | Taxes | $ | |
| Creditor: PERRY COUNTY MEMORIAL HOSPITAL | Child Support/Maint under 12 wks. | $ | |
| Attorney: ROBERT D. HUELSKAMP | Child Support/Maint over 12 wks. | $ | |
| Missouri Bar No.: 32319 | Other: _____ | $ | |
| A judgment was entered on the above referenced date and remains unsatisfied. | Less Credits | ($ | 4776.86 |
| The garnishor knows or has reason to believe the garnishee is indebted to debtor, The garnishee is obligated to make periodic payments to debtor, or the garnishee has control/custody of money and/or bonds belonging to debtor.<br>Signature: _____<br>Date: April 18, 2022<br>Address & Telephone Number:<br>PO BOX 506<br>STE. GENEVIEVE, MO 63670<br>(573)883-5793 | **TOTAL DUE** | $ | 6372.48 |
| |  | Instructions for Service and/or Garnishee: Include applicable instructions.<br><br>PLEASE WITHHOLD WAGES, SALARY, COMMISSIONS, BONUSES, PAY, PROFIT SHARING, CASH BENEFITS OR OTHER INCOME PAYABLE TO DEBTOR.<br><br>DEDUCT AMOUNTS AT 25%. | |
|  | Requested by Applicant<br>Make payments to: ☑ Court ☐ Attorney   Make Checks Payable To: PERRY COUNTY CIRCUIT COURT<br>Mail Funds To: 15 W. STE. MARIE ST., PERRYVILLE, MO 63775 | | |

**RESPONSE: Objection. Exhibit 8 is an unauthenticated printout from a website and**

21

#30882878 v1

further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at *3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).

**Defendant denies that Third Garnishment was filed on April 18, 2022. (*See* Plaintiff's Exhibit 6).**

30.     In the Third Garnishment, Huelskamp credited Connie for $4,776.86 in total payments. Exhibit 6, Third Garnishment. This misstates the true amount of Connie's payments by thousands of dollars. Exhibit 3, First Garnishment; Exhibit 4, First Garnishment Payments; Exhibit 5, Second Garnishment; Exhibit 6, Third Garnishment; Exhibit 7, Second Garnishment Payments; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibits 4 and 7 are unauthenticated printouts from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on**

#30882878 v1

personal knowledge setting forth such facts as would be admissible in evidence….” *Stuart v. Gen. Motors Corp.*, **217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  “This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible.”** *Allied Property and Casualty Insurance Company v. Stuart*, **230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC*, **2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that the credits listed on Plaintiff's Exhibit 6 is $4,776.86. Defendant denies the remaining allegations as not being supported by the "evidence" cited by Plaintiff. Defendant further admits that Interrogatory No. 9 contains this statement.**

31.    Huelskamp identified the post-judgment interest as being $1,758.95 in the Third Garnishment. Exhibit 6, Third Garnishment.

**RESPONSE: Admit.**

32.    Huelskamp's interest calculation was wrong by more than $1,000. Exhibit 9C, Third Interest Calculation.

**RESPONSE: Objection. Exhibit 9C is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United*

23

*States v. Wadena*, **152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.*, **217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart*, **230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate Network, LLC v. Gateway Ventures, LLC*, **2005 WL 1668194, at \*3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

33.    If the maximum possible balance on May 21, 2021 was $7,504.13, then the maximum interest that could have accrued by April 19, 2022, the date of Huelskamp's next garnishment application, was $616.47, not the $1,758.95 Huelskamp was reporting in the Third Garnishment:



*See* Exhibit 9C, Third Interest Calculation.

**RESPONSE: Objection. Exhibit 9C is an unauthenticated printout from a website**

#30882878 v1

and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at *3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).

34.     With an interest amount of $616.47, the maximum debt balance would be $8,120.60 without any payments. Exhibit 9C, Third Interest Calculation; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Objection. Exhibit 9C is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance*

25

#30882878 v1

*Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at *3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).

Defendant further objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).

Defendant admits that Interrogatory No. 9 contains this statement.

35.    Once again, assuming all of the $4,776.86 Huelskamp garnished from Connie between the Second and Third Garnishments was received on the date of the Third Garnishment, April 19, 2022, the maximum balance owed, after $10.85 in service fees and the $10 garnishment surcharge, would have been $3,364.59. Exhibit 9C, Third Interest Calculation.

**RESPONSE: Objection. Exhibit 9C is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence sufficient to support a finding that the document is what the party claims it to be."** *United States v. Wadena***, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…."** *Stuart v. Gen. Motors Corp.***, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted).  "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible."** *Allied Property and Casualty Insurance Company v. Stuart***, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing** *Real Estate*

26

#30882878 v1

*Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at *3 (E.D. Mo. July 12, 2005). **Accordingly, this statement is unsupported by the record as required by FRCP 56(c).**

**Defendant further states that this Statement of Fact is not supported by document cited by Plaintiff. (See Plaintiff's Exhibit 9C).**

36.     In the Third Garnishment, Huelskamp inflated this balance by thousands of dollars, claiming that Connie owed $6,372.48.  Exhibit 6, Third Garnishment.

**RESPONSE: Defendant admits that the balance listed on Exhibit 6 is $6,372.48.**

37.     In the Third Garnishment, Huelskamp included $18.40 in post judgment costs. Exhibit 6, Third Garnishment.

**RESPONSE: Admit.**

38.     The record reflects that Huelskamp did not file a bill of costs for the post judgment costs and a clerk did not tax costs in that amount. Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9. See publicly available docket of case no. 19PR-AC00283.

**RESPONSE: Defendant objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant admits that Interrogatory No. 9 contains this statement.**

39.     Between May 23, 2022 and October 11, 2022, Huelskamp garnished Connie for an additional $1,667.84. Exhibit 8, Third Garnishment Payments.

**RESPONSE: Objection. Exhibit 8 is an unauthenticated printout from a website and further constitutes hearsay. "A party authenticates a document by presenting evidence**

27

sufficient to support a finding that the document is what the party claims it to be." *United States v. Wadena*, 152 F.3d 831, 834 (8th Cir. 1998). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence…." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 635 n.20 (8th Cir. 2000)(citation omitted). "This Court has previously ruled that unauthenticated website printouts attached as exhibits to summary judgment motions or responses are not admissible." *Allied Property and Casualty Insurance Company v. Stuart*, 230 F.supp3d 969 n. 1 (E.D. Mo. January 27, 2017) (citing *Real Estate Network, LLC v. Gateway Ventures, LLC*, 2005 WL 1668194, at *3 (E.D. Mo. July 12, 2005). Accordingly, this statement is unsupported by the record as required by FRCP 56(c).

40. Because garnishment payments are first applied to costs and then interest, Connie paid the excessive interest and untaxed cost amounts discussed above. Mo. Rev. Stat. § 408.040; Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9.

**RESPONSE: Defendant objects pursuant to Rule 56(c)(2) because Plaintiff relies on discovery responses related to calculations that Plaintiff lacks the personal knowledge required to establish foundation in accordance with Federal Rules of Evidence 602 because she did not do any of the calculations. (*See* Plaintiff's Exhibit 12; Defendant's Exhibit A, pp. 49-52).**

**Defendant also denies this allegation because Plaintiff is citing to a statute which is not evidence, as required pursuant to FRCP 56.**

*Connie Asks Huelskamp to Explain,*
*Then Hires Counsel to Quash the Garnishment*

41. By the Third Garnishment, Huelskamp was claiming that Connie owed about three thousand dollars more than Connie could have possibly owed. SOF 29–40, *supra*.

#30882878 v1

**RESPONSE**: **Defendant adopts and incorporates by reference as if fully set forth herein its responses to Statement of Facts 29-40.**

42.     Connie was confused regarding the amounts due and owing under the judgment (Exhibit 10, Huelskamp Deposition p. 49), so Connie met with Huelskamp in person to inquire about the status of her debt. Exhibit 10, Huelskamp Deposition p. 57–58; Exhibit 11, Essmyer Deposition pp. 36–38.

**RESPONSE**: **Defendant admits that Plaintiff met with Defendant. Defendant denies that Plaintiff's Exhibit 10, p. 49 states that Connie was confused regarding the amounts due and owing under the judgment. (*See* Plaintiff's Exhibit 10, p. 49).**

43.     Connie called Huelskamp multiple times to learn more about the status of her debt and did not receive any explanation for the calculations of the current amount due and owing under the judgment. Exhibit 11, Essmyer Deposition pp. 39–41.

**RESPONSE**: **Defendant admits that Connie believes she called Defendant two to three times "[t]o see if they were going to do any investigation on much was this garnishment". Defendant denies the remaining allegations because the "testimony" cited by Plaintiff does not support the Statement of Fact. (*See* Plaintiff's Exhibit 11, pp. 39-41).**

44.     Connie hired and became indebted to her attorney for the amount of $1,215 to quash the ongoing garnishment because of the numerous errors (all in Huelskamp's favor) in the garnishment applications. Exhibit 12, Plaintiff's Interrogatory Responses, at Interrogatory No. 9; Exhibit 13, Declaration of Richard A. Voytas, Jr.

**RESPONSE**: **Admit that Richard Voytas' Declaration states that Connie is obligated to pay $1,215.00 to her attorneys. Defendant denies the remaining allegations because they are not supported by the evidence cited by Plaintiff. (*See* Plaintiff's Exhibit 12 and 13).**

#30882878 v1

45.     As a result of Huelskamp's conduct, Connie became frustrated and anxious that the garnishments were not being calculated and collected correctly. Exhibit 11, Essmyer Deposition pp. 48–49, 55.

**RESPONSE: Deny. Plaintiff stated that she did not suffer from anxiety as a result of the debt. (*See* Plaintiff's Exhibit 11, pp. 43-44). Defendant also denies that Plaintiff ever felt frustrated because that is not supported by the testimony cited by Plaintiff. (*See* Plaintiff's Exhibit 11, pp. 48-49, 55).**

*Huelskamp Deposition*

46.     Robert Huelskamp, owner of Defendant Huelskamp Law, LLC, signed and filed the First Garnishment without understanding from whence the numbers reported on the face of the garnishment came:

```
        So now I will turn to the documents that I
have labeled as Plaintiff's Exhibit Number 3, which
should be the three garnishments in this case.  I'll
begin with the garnishment that the front page is
Defendant's 0004 that has the date of 7/30/2020 on
it.
        You previously identified, Mr. Huelskamp,
that that is your signature in the signature block
of this garnishment.  Is that correct?
     A    Yes.
```

Exhibit 10, Robert Huelskamp Deposition, p. 84.

#30882878 v1

Q    The next number that is reported, it says less credits, and it states $1,016.61.  Is that correct?

A    That's what it says.

Q    And how would that number be calculated and input into the form?

A    I don't know.

Q    Is that a number that exists somewhere in the accounting system?  Is that -- is that a number that is kept in a separate document in your office?  How -- how would I know the credits on an account?

A    I don't know where that number came from.

Q    And at the bottom it says total due $9,102.99.  Is that correct?

A    That's what it says.

Q    And do you know where that number comes from?

A    I didn't do the math, so at this moment -- so I assume it's calculated based on those numbers above it.

Exhibit 10, Robert Huelskamp Deposition, pp.86–87.

**RESPONSE: Admit that at the time of the deposition, Defendant admitted that he did not know where the numbers came from. Defendant denies the remaining portions of this Statement of Fact because it is not supported by evidence cited. (*See* Plaintiff's Exhibit 10, pp. 86-87)**

31

47.    Robert Huelskamp, owner of Defendant Huelskamp Law, LLC, signed and filed the Second Garnishment without understanding from whence the numbers reported on the face of the garnishment came:

Q    Okay.  I'm going to move now to it's 8, Defendant's 0008, which should be the May 21st, 2021 garnishment application.

And I believe, Mr. Huelskamp, that you previously stated that the signature that appears on this May 21, 2021 dated garnishment is yours.  Is that correct?

A    **It is.**

Q    And we're going to, unfortunately, go through the side numbers once again.  So as far as the judgment balance, that states $9,351.14.

Where did that number come from?

A    **It appears to be the judgment amount from the September 2019 judgment.**

Q    And the next item is post-judgment interest, and it is reported as $634.73.

Do you know where that number comes from?

A    **It's just -- no.**

32

#30882878 v1

Q    And for the service fee for this writ it states $8.40.

Based on your previous answer, is that the cost of mailing this by certified mail?

A    I would imagine.

Q    The next reported number on here is less credits of $2,000 -- excuse me -- $2,050.47.  Is that correct?

A    That's what it says.

Q    And where does this number come from?

A    I don't know.

Q    And under total due it states $7,953.80.  Is that correct?

A    That's what it says.

Q    And what does that number come from?

A    I don't know.

Exhibit 10, Robert Huelskamp Deposition, pp.87–88.

**RESPONSE: Defendant admits that at the time of the deposition, Robert Huelskamp admitted that he did not know where the numbers came from.**

48.    Robert Huelskamp, owner of Defendant Huelskamp Law, LLC, signed and filed the Third Garnishment without understanding from whence the numbers reported on the face of the garnishment came:

33

Q    I'll, then, turn to Defendant's 0012, which is the April 18th, 2022 dated garnishment application.

And, Mr. Huelskamp, I believe, yet again, and for the last time, that you stated that the signature that appears on this garnishment application is yours.  Is that correct?

A    **It is my signature, yes.**

Q    On this document there are some

34

#30882878 v1

computer-entered numbers and some handwritten numbers.

Does that seem like a fair characterization?

A    Yes.

Q    Are -- is that your handwriting that wrote the numbers in that column?

A    It is not.

Q    Yet again, we will start with the judgment balance which reads $9,351.14.  Is that correct?

A    That's what it says.

Q    And where did that number come from?

A    It would be the judgment entered on September 12th, 2019.

Q    And for post-judgment interest it reports $1,758.95.  Is that correct?

A    That's what it says.

Q    And where does that number come from?

A    I don't know.

Q    For post-judgment costs it states $18.40.

Where does that number come from?

A    I don't know.

Q    It next states service fee for this writ and it states $10.85.

Where does that number come from?

#30882878 v1

A   I would imagine that was the certified letter.

Q   And under less credits it states $4,776.86.  Is that correct?

A   That's what it says.

Q   And where did that number come from?

A   I -- I didn't do it, so I don't know.

Q   And under total due it states $6,372 -- excuse me -- and 48 cents.  Is that correct?

A   It does say that.

Q   And where does that number come from?

A   Again, I didn't calculate it, so I don't know.

Exhibit 10, Robert Huelskamp Deposition, pp.88–90.

**RESPONSE: Defendant admits that at the time of the deposition, Robert Huelskamp admitted that he did not know where the numbers came from.**

49.   Robert Huelskamp, owner of Defendant Huelskamp Law, LLC, participates routinely in debt collection of consumer debts:

Q   And is -- are you currently the principal of Huelskamp Law, LLC?

A   I'm the only member.

Exhibit 10, Robert Huelskamp Deposition, p. 6.

Q    And when you say collection work, is that debt collection for clients of yours that are creditors?

A    As opposed to myself, or --

Q    Correct.

A    Yeah.  I -- I do work for various companies and entities that have debt owed to them.

Q    How long would you say that you've been doing debt collection?

A    Mr. Rottler was doing it when I joined with him in 1996, and I probably immediately started helping him with those type of things.  So I -- I did not do much of it before that date, if any.

Q    But since 1996 you've been practicing in the debt collection field, I'm sure learning more every year as you go along.

A    I've been filing cases in that regard and otherwise attempting to collect debts probably since, yeah -- or my firm did for sure and -- yes.

Q    All right.  Does your firm offer -- I guess in my opinion -- correct me if I'm wrong -- I

#30882878 v1

kind of view debt collection as some firms are able to file a case and get it to a judgment, and then they might pass it off. And then other firms will maybe accept a judgment and then try to collect on that.

Does Huelskamp Law, and previously Rottler and Huelskamp, were they able to perform both of those tasks? One of those tasks? What does -- what's your usual -- the usual way of collecting on the debts?

A **We don't sell judgments and debts. We do it ourselves to the extent possible.**

Q So a typical debt collection case for you would be you file it, you get a judgment. And then depending on the relationship you have with your client, you're set up to then collect on that judgment?

A **We will do that work to collect on the judgment, yes.**

Exhibit 10, Robert Huelskamp Deposition, pp. 9–10.

A **Over the years I reviewed a lot of various articles on debt collection. I can't point you to any specific.**

Exhibit 10, Robert Huelskamp Deposition, p. 13.

38

Q      For the actual debt collection that Huelskamp Law, LLC conducts, is that something that is performed by you?  Performed by your admins?  Performed by the interns?  Who -- who is that -- their job to handle the debt collection aspects of the case?

A      I guess we're all involved in it.  That's why I hire administrative assistants.

Exhibit 10, Robert Huelskamp Deposition, p. 14.

#30882878 v1

A       They bring me questions all day long.

Q       Can you give us a sample of what issues you can remember being brought to you and you discussing?

A       In relation to what?

Q       To debt collection in general.

A       Debt collection issues.  Just what happens when we get an account, what needs to be done at that point.  What happens when we don't get a response, what needs to be done at that point.  What happens when we need to file a Petition, what needs to be done at that point.  I mean, so on and so forth until we get the judgment even.  Then there's stuff to be done then.

Now, I can't say I remember that we did that -- the whole thing all the way through on every -- when it came time to -- for debt collection matters.

Exhibit 10, Robert Huelskamp Deposition, p. 19.

Q       How frequently do debtors have one-on-one conversations with you?

A       All the time.

Exhibit 10, Robert Huelskamp Deposition, p. 58.

#30882878 v1

Q    And can you tell us what this statute is?

A    **It appears to be part of the FDCPA.**

Q    And from everything you've stated up until this point I think you would agree -- but correct me if I'm wrong -- that this statute applies to you as a debt collector as you perform debt collection for your clients.  Is that correct?

A    **I try to adhere to this statute in my actions as -- working on behalf of my clients.**

Q    So when you say you try to adhere to it, do you think this is a controlling statute over you, or is this a statute that is meant to guide your actions in some way?

MR. HUNKINS:  Object to the form.

A    **Yeah.  I -- I don't --**

Q    (By Mr. Christian) Mr. Huelskamp, are you required to follow this law as a debt collector?

A    **You're asking me if, in fact, I fall under the category of debt collector as per the statute?**

Q    We can start there, yes.

Are you a debt collector under the FDCPA?

MR. HUNKINS:  I'll object.  It calls for a legal conclusion.

But you can answer.

41

A      Yeah, I -- I'm not absolutely ready to state one hundred percent, but probably.  More likely than not.

Q      (By Mr. Christian) Are -- in your debt collection, which you've admitted occurs at your practice, are you collecting on debts that you own?

A      That I own?

Q      That they are debts owed to Robert -- excuse me -- to Huelskamp Law, LLC?

A      I have tried to collect on debts that are owed to the LLC.

Q      Do you collect on debts that are owed to entities that are not Huelskamp Law, LLC?

A      I think that's why we're here, isn't it?

Q      Are you affiliated in any way with Perry County Memorial Hospital beyond the attorney/client relationship?

A      No.

Q      You have no interest in or otherwise sit on a board of Perry County Memorial Hospital?

A      That is correct.

Q      And you collect debts that are owed to Perry County Memorial Hospital.  Is that correct?

A      Yes.

Q      And in your pursuit of collecting the debt

42

#30882878 v1

owed to Perry County Memorial Hospital you send

demands/dunning letters, you file Petitions, you

receive judgments, you then do post-judgment

collection on those judgments.  Is that correct?

    A    That is true, in general, yes.

Exhibit 10, Robert Huelskamp Deposition, pp. 69–71.

**RESPONSE: Admit that Robert Huelskamp has practiced in the area of debt-collection.**

Respectfully submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Bradley R. Hansmann
Bradley R. Hansmann #53160
Daniel P. Hunkins #69147
600 Kellwood Pkwy, Suite 120
St. Louis, MO 63017
(636) 798-0570
(636) 798-0693 - Fax
bhansmann@wwbhlaw.com
dhunkins@wwbhlaw.com
*Attorneys for Defendant Huelskamp Law, LLC*

43

#30882878 v1

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

      The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system on this 26th day of December, 2023 on counsel of record.  In addition, the undersigned counsel certifies under Rule 26(g)(1) of the Federal Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

Richard A. Voytas, Jr.
David A. Weber
Caleb G. Christian
Voytas Law, LLC
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
rick@voytaslaw.com
david@voytaslaw.com
caleb@voytaslaw.com
*Attorneys for Plaintiff*

                                    /s/ Bradley R. Hansmann

#30882878 v1