Electronically Filed - Perry - July 30, 2020 - 04:23 PM

IN THE __32ND__ JUDICIAL CIRCUIT, _____PERRY COUNTY_____, MISSOURI

| | |
|---|---|
| Judge or Division: CIRCUIT | **Case Number:** 19PR-AC00283 |
| Petitioner(s): PERRY COUNTY MEMORIAL HOSPITAL vs. | Date Judgment Entered Against Debtor: SEPTEMBER 12, 2019 |
| | Original Amount of Judgment: $9,351.14 |
| Respondent(s): CONNIE ESSMYER ▮▮▮▮▮ | Please Issue: Garnishment For: ☐ Bank Account ☐ Bond ☑ Wages ☐ Other: _____ (Date File Stamp) |
| | Requested Return/End Date: ☐ 30 Days ☐ 60 Days ☐ 90 Days ☐ 120 Days ☐ 150 Days ☐ 180 Days ☑ Continuous (for wages only) |

## Garnishment Application and Order
**(This form must be completed in full or your request will be returned unprocessed.)**

| To (County/City of St. Louis): CERTIFIED MAIL | Amount Remaining Unpaid (To be completed by Applicant) | |
|---|---|---|
| Debtor Name/Address: CONNIE ESSMYER ▮▮▮▮▮▮▮ | Judgment Balance Total amount of the judgment awarded on the day judgment is entered including, but not limited to, principal, prejudgment interest, and all costs and/or fees. | $ 9,351.14 |
| Debtor SSN (last four digits): XXX-XX-▮▮ | Post Judgment Interest | $ 750.11 |
| Garnishee Name and Address: ▮▮▮▮▮▮▮ | Post Judgment Costs | $ |
| ▮▮▮▮▮▮▮ | Service Fee for this Writ | $ 8.35 |
| ▮▮▮▮▮▮▮ | Garnishment Clerk Fee Surcharge | $ 10.00 |
| Garnishee ID # (court use only): _____ | Taxes | $ |
| Creditor: PERRY COUNTY MEMORIAL HOSPITAL | Child Support/Maint under 12 wks. | $ |
| Attorney: ROBERT D. HUELSKAMP | Child Support/Maint over 12 wks. | $ |
| Missouri Bar No.: 32319 | Other: _____ | $ |
| A judgment was entered on the above referenced date and remains unsatisfied. | Less Credits | ($ 1,016.61) |
| The garnishor knows or has reason to believe the garnishee is indebted to debtor. The garnishee is obligated to make periodic payments to debtor, or the garnishee has control/custody of money and/or bonds belonging to debtor. | **TOTAL DUE** | **$ 9,102.99** |
| Signature: _[signature]_ Date: 7/30/2020 Address & Telephone Number: PO BOX 506 STE. GENEVIEVE, MO 63670 (573)883-5793 | **Instructions for Service and/or Garnishee:** Include applicable instructions. PLEASE WITHHOLD WAGES, SALARY, COMMISSIONS, BONUSES, PAY, PROFIT SHARING, CASH BENEFITS OR OTHER INCOME PAYABLE TO DEBTOR. DEDUCT AMOUNTS AT 25%. | |

### Requested by Applicant
Make payments to: ☑ Court ☐ Attorney    Make Checks Payable To: PERRY COUNTY CIRCUIT COURT

Mail Funds To: 15 W. STE. MARIE ST., PERRYVILLE, MO 63775

### Writ of Garnishment (To be completed by Court Clerk)
**The State of Missouri to the Sheriff of any County in the State of Missouri**
Because a judgment was entered against the above debtor in this court and there is a balance, accrued interest, and costs as stated above unpaid from said judgment, you are commanded to execute this writ by following the instructions on the reverse side of this writ and on the return date shown below to certify to this court how you executed this writ.

| (Seal) | Issuing County: | Document ID / Garn Number: |
|---|---|---|
| | Issue Date: | Return Date (if applicable): |
| | Issued By (Clerk): | |
| | Court Address: | |

### Summons and Instructions to Garnishee
**To the Above-Named Garnishee:**
You are notified that I attach all goods, personal property, money, credit, bonds, bills, notes, checks, choses in action, or other effects and all debts owed to the above named debtor that are in your possession or charge, or under your possession or charge, or under your control from this time until the return date or a sufficient sum to satisfy the total amount of garnishment shown above. You are further notified to file your answers to the interrogatories served within ten days after the above return date.

| Date: | Sheriff/Server: |
|---|---|
| County: | Service Acknowledged By: |

| OSCA (10-15) CV92 | 1 of 4 | 15 U.S.C. 1671; Rule 90; 452.350, RSMo |
|---|---|---|

**EXHIBIT B3**

Electronically Filed - Perry - July 30, 2020 - 04:23 PM

## Sheriff or Server's Return

I certify that I have served this summons/writ:

☐ By delivering a copy of the summons/writ to the garnishee.

☐ By leaving a copy of the summons/writ at the dwelling place or usual abode of each of the garnishees with _____, a person of the garnishee's family over the age of 15 years.

☐ Other _____

Served in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Sheriff/Server

**Service Fees**

| | |
|---|---|
| Summons/Writ | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

## Instructions to Sheriff/Server

**Garnishment**

You are commanded to summon the garnishee and attach the property subject to garnishment in the garnishee's possession or charge or under the garnishee's control between the time notice is served and the return date.

## Applicable Provisions Relating to Garnishments

**525.030 RSMo**

2.    The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings on any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five per centum, or, (b) the amount by which the individual's aggregate earnings for that week, after the deduction from those earnings of any amounts required to be withheld by law, exceed thirty times the federal minimum hourly wage prescribed by section 6(a)(1) of the Fair Labor Standards Act of 1938 in effect at the time of the earnings are payable, or (c) if the employee is the head of a family and a resident of this state, ten per centum, whichever is less.

The restrictions on the maximum earnings subjected to garnishment do not apply in the case of any order of any court for the support of any person, and order of any court of bankruptcy under chapter XIII of the Bankruptcy Act or any debt due for any state or federal tax.

For pay periods longer than one week, the provisions of subsection 2(a) and (c) of this section shall apply to the maximum earnings subjected to garnishment for all workweeks compensated, and under subsection 2(b) of this section, the "multiple" of the federal minimum hourly wage equivalent to that applicable to the earnings subject to garnishment for one week shall be represented by the following formula: The number of workweeks or fractions thereof (x) x 30 x the applicable federal minimum wage. For the purpose of this formula, a calendar month shall be considered to consist of 4 1/3 workweeks, a semimonthly period to consist of 2 1/6 weeks. The "multiple" for any pay period longer than one week shall be computed in a manner consistent herewith.

The restrictions on the maximum amount of earnings subjected to garnishment shall also be applicable to all proceedings involving the sequestration of wages of employees of all political subdivisions.

The term "earnings" as used herein means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

5.    No employer may discharge any employee by reason of the fact that the employee's earnings have been subjected to garnishment or sequestration for any one indebtedness.

6.    Whoever willfully violates the provisions of subsection 5 of this section is guilty of a misdemeanor.

**15 U.S.C. 1672 Restrictions on Garnishment - Definitions**

For the purposes of this subchapter (a) the term "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program. (b) The term "disposable earnings" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld. (c) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

**15 U.S.C. 1673 Restrictions on Garnishment - Maximum Allowable Garnishment**

(b)(2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:

(A)    where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and

(B)    where such individual is not supporting a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week; except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

Electronically Filed - Perry - July 30, 2020 - 04:23 PM

## Notice to Judgment Debtor

**List of Exempt Property**

Certain property cannot be taken to satisfy a garnishment. This is called exempt property. Pursuant to Supreme Court Rule 76.075, you are advised that sections 452.140, 513.430, 513.440, 513.475, and 513.480, RSMo, set forth below, make certain property exempt from execution, and you are advised that there are certain exemptions under state and federal law which you may be able to claim with respect to the property levied upon. You may claim any exemption by filing a claim of exemption with the levying officer within twenty days after being served with a garnishment.

452.140. No property shall be exempt from attachment or execution in a proceeding instituted by a person for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony or for the support and maintenance of children. And all wages due to the defendant shall be subject to garnishment on attachment or execution in any proceedings mentioned in this section, whether the wages are due from the garnishee to the defendant for the last thirty days' service or not.

513.430. 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein:
(1) Household furnishings, household goods, wearing apparel, appliances, books, animals, crops or musical instruments that are held primarily for personal, family or household use of such person or a dependent of such person, not to exceed $3,000 in value in the aggregate;
(2) A wedding ring not to exceed $1,500 in value and other jewelry held primarily for the personal, family or household use of such person or a dependent of such person, not to exceed $500 in value in the aggregate;
(3) Any other property of any kind, not to exceed in value $600 in the aggregate;
(4) Any implements or professional books or tools of the trade of such person or the trade of a dependent of such person not to exceed $3,000 in value in the aggregate;
(5) Any motor vehicles, not to exceed $3,000 in value in the aggregate;
(6) Any mobile home used as the principal residence but not attached to real property in which the debtor has a fee interest, not to exceed $5,000 in value;
(7) Any one or more unmatured life insurance contracts owned by such person, other than a credit life insurance contract;
(8) The amount of any accrued dividend or interest under, or loan value of, any one or more unmatured life insurance contracts owned by such person under which the insured is such person or an individual of whom such person is a dependent; provided, however, that if proceedings under Title 11 of the United States Code are commenced by or against such person, the amount exempt in such proceedings shall not exceed in value one hundred fifty thousand dollars in the aggregate less any amount of property of such person transferred by the life insurance company or fraternal benefit society to itself in good faith if such transfer is to pay a premium or to carry out a nonforfeiture insurance option and is required to be so transferred automatically under a life insurance contract with such company or society that was entered into before commencement of such proceedings. No amount of any accrued dividend or interest under, or loan value of, any such life insurance contracts shall be exempt from any claim for child support. Notwithstanding anything to the contrary, no such amount shall be exempt in such proceedings under any such insurance contract which was purchased by such person within one year prior to the commencement of such proceedings;
(9) Professionally prescribed health aids for such person or a dependent of such person;
(10) Such person's right to receive:
(a) A Social Security benefit, unemployment compensation or a public assistance benefit;
(b) A veteran's benefit;
(c) A disability, illness or unemployment benefit;
(d) Alimony, support or separate maintenance, not to exceed $750 a month;
(e) Any payment under a stock bonus plan, pension plan, disability or death benefit plan, profit-sharing plan, nonpublic retirement plan or any plan described, defined, or established pursuant to section 456.014 , the person's right to a participant account in any deferred compensation program offered by the state of Missouri or any of its political subdivisions, or annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person unless:
a. Such plan or contract was established by or under the auspices of an insider that employed such person at the time such person's rights under such plan or contract arose;
b. Such payment is on account of age or length of service; and
c. Such plan or contract does not qualify under Section 401(a), 403(a), 403(b), 408, 408A or 409 of the Internal Revenue Code of 1986, as amended, (26 U.S.C. Section 401(a), 403(a), 403(b), 408, 408A or 409);
except that any such payment to any person shall be subject to attachment or execution pursuant to a qualified domestic relations order, as defined by Section 414(p) of the Internal Revenue Code of 1986, as amended, issued by a court in any proceeding for dissolution of marriage or legal separation or a proceeding for disposition of property following dissolution of marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of marital property at the time of the original judgment of dissolution;
(f) Any money or assets, payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan, profit-sharing plan, health savings plan, or similar plan, including an inherited account or plan, that is qualified under Section 401(a), 403(a), 403(b), 408, 408A or 409 of the Internal Revenue Code of 1986, as amended, whether such participant's or beneficiary's interest arises by inheritance, designation, appointment, or otherwise, except as provided in this paragraph. Any plan or arrangement described in this paragraph shall not be exempt from the claim of an alternate payee under a qualified domestic relations order; however, the interest of any and all alternate payees under a qualified domestic relations order shall be exempt from any and all claims of any creditor, other than the state of Missouri through its department of social services. As used in this paragraph, the terms "alternate payee" and "qualified domestic relations order" have the meaning given to them in Section 414(p) of the Internal Revenue Code of 1986, as amended. If proceedings under Title 11 of the United States Code are commenced by or against such person, no amount of funds shall

Electronically Filed - Perry - July 30, 2020 - 04:23 PM

be exempt in such proceedings under any such plan, contract, or trust which is fraudulent as defined in subsection 2 of section 428.024 and for the period such person participated within three years prior to the commencement of such proceedings. For the purposes of this section, when the fraudulently conveyed funds are recovered and after, such funds shall be deducted and then treated as though the funds had never been contributed to the plan, contract, or trust;

(11) The debtor's right to receive, or property that is traceable to, a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

2. Nothing in this section shall be interpreted to exempt from attachment or execution for a valid judicial or administrative order for the payment of child support or maintenance any money or assets, payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified pursuant to Section 408A of the Internal Revenue Code of 1986, as amended.

513.440. Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of $1,250 plus $350 for each of such person's unmarried dependent children under the age of twenty-one years or dependent as defined by the Internal Revenue Code of 1986, as amended, determined to be disabled by the Social Security Administration, except ten percent of any debt, income, salary or wages due such head of a family.

513.475. 1. The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of fifteen thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution. The exemption allowed under this section shall not be allowed for more than one owner of any homestead if one owner claims the entire amount allowed under this subsection; but, if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed, in the aggregate, the total exemption allowed under this subsection as to any one homestead.

2. Either spouse separately shall be debarred from and incapable of selling, mortgaging or alienating the homestead in any manner whatever, and every such sale, mortgage or alienation is hereby declared null and void; provided, however, that nothing herein contained shall be so construed as to prevent the husband and wife from jointly conveying, mortgaging, alienating or in any other manner disposing of such homestead, or any part thereof.

513.480. Whenever an execution shall be levied upon the real estate of any person, of which such homestead may be a part, or upon such part of any homestead as may be in excess of the limitation of the value thereof created in section 513.475 , such person shall have the right to designate and choose the part thereof to which the exemption created in section 513.475 shall apply, not exceeding the limited value; and upon such designation and choice, or in case of a refusal to designate or choose, the sheriff levying the execution shall appoint three disinterested appraisers, who shall, first being sworn to a faithful discharge of their duties, fix the location and boundaries of such homestead, and the sheriff shall then proceed with the levy of such execution upon the residue of such real estate as in other cases; and such proceedings in respect to the homestead shall be stated in the return upon such execution.

513.465 Nothing contained in this chapter shall be construed so as to exempt any property from seizure and sale for the payment of taxes due this state, or any city, town or county thereof.

**NOTE: No money or assets payable under a retirement plan qualifying under the Internal Revenue Code are exempt from a garnishment for the purpose of collecting child support or maintenance due under a valid judicial or administrative order.**