**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CONNIE ESSMYER | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:22-cv-00140 |
| | ) | |
| v. | ) | |
| | ) | |
| HUELSKAMP LAW, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S STATEMENT OF ADDITIONAL UNCONTROVERTED MATERIAL FACTS IN RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** Defendant, Huelskamp Law, LLC, by and through undersigned counsel, and hereby submits its Statement of Additional Uncontroverted Material Facts in Response to Plaintiff's Motion for Partial Summary Judgment, alleges and states to the Court as follows:

1.      Plaintiff received medical care from Perry County Memorial Hospital ("Perry County") on or around 2014, for which she incurred debt. (*See* Plaintiff's deposition, pp. 12 – 14, attached as **Exhibit A**).

2.      Defendant, acting on behalf of Perry County, filed suit in the name of Perry County against Plaintiff on June 6, 2019, in Perry County, Missouri, Case No. 19PR-AC00283. (*See* Plaintiff's Complaint, ¶ 18; *See* Robert Huelskamp's Affidavit, attached as **Exhibit B**, ¶5).

3.      Plaintiff entered into a Consent Judgment and Stipulation which was signed by Plaintiff. (*See* **Exhibit A**, p. 15; **Exhibit B**, ¶6; **Exhibit B(1)**).

4.      Plaintiff and Defendant agreed that beginning November 1, 2019, Plaintiff would pay Defendant $250 each month until the judgment was satisfied. (*See* **Exhibit A**, pp. 13-15; **Exhibit B**, ¶7; **Exhibit B(1)**).

#30908315 v1

5.      The Consent Judgment and Stipulation stated that "in the event any payment is late or less than the agreed amount, Perry County retains the right to take all action authorized by law." (*See* **Exhibit A**, pp. 15-16; **Exhibit B**, ¶8).

6.      The Court entered a Judgment for Perry County for the principal amount of $9,351.14 on September 12, 2019, with taxed costs in the amount of $222.35. (*See* **Exhibit B**, ¶9; **Exhibit B(2)**).

7.      Pursuant to the Consent Judgment, Plaintiff made two $250 cash payments to Defendant. (*See* **Exhibit A**, pp. 16 – 17 & 28 – 29; **Exhibit B**, ¶10; and proof of payment, attached as **Exhibit C**).

8.      On February 8, 2020, Plaintiff paid Defendant $150 through a money order. (*See* **Exhibit A**, pp. 17 – 18; **Exhibit B**, ¶10; and **Exhibit C**).

9.      Plaintiff is not aware of any document showing she paid more than $650 before the garnishments. (*See* **Exhibit A**, p. 17).

10.     On July 30, 2020, Defendant filed its First Garnishment Application and Order. (*See* **Exhibit B**, **¶12, Exhibit B(3)**).

11.     Defendant began to garnish Plaintiff's wages on January 20, 2021. (*See* **Exhibit C**).

12.     Between the First and Second Garnishment Order, Defendant garnished $1,790.84 from Plaintiff. (*See* **Exhibit C**).

13.     On May 21, 2021, Defendant filed its Second Garnishment Application and Order. (*See* **Exhibit B**, **¶12, Exhibit B(4)**).

14.     Based on the payments received by Plaintiff, the outstanding principal balance at the time of the Second Garnishment Application and Order was $8,280.05. (*See* **Exhibit C**).

2

#30908315 v1

15.     The Second Garnishment Application and Order listed an outstanding principal balance of $7,953.80. (*See* **Exhibit B**, **¶12, Exhibit B(4)**).

16.     On April 19, 2022, Defendant filed its Third Garnishment Application and Order. (*See* **Exhibit B**, **¶12, Exhibit B(5)**).

17.     Plaintiff's payments to Defendant totaled $9,365.75 (*See* **Exhibit A**, pp. 28 – 34; **Exhibit B**, **¶14**; and **Exhibit C**).

18.     Plaintiff never looked at any of the three Garnishment Applications and Orders. (*See* **Exhibit A**, p. 20).

19.     The Garnishment Applications and Orders did not alter any of Plaintiff's decisions with regard to the judgment at issue. (*See* **Exhibit A**, p. 43).

20.     Plaintiff does not know how she was oppressed by Defendant's Garnishment Applications and Orders. (*See* **Exhibit A**, p. 43).

21.     Plaintiff cannot state what Defendant did wrong during its communication with Plaintiff. (*See* **Exhibit A,** p. 39 – 41).

22.     Plaintiff did not seek medical treatment for anxiety nor can she state how she felt anxious as a result of Defendant's Garnishment Applications and Orders. (*See* **Exhibit A,** pp. 43 – 44).

23.     Defendant was authorized by RSMo. 408.040 to assess a statutory interest rate of nine (9) percent per annum on Plaintiff's judgment. (*See* **Exhibit B, ¶15**).

24.     Taking into consideration payments made, post-judgment costs, and post-judgment interest, Plaintiff had a remaining judgment balance of $2,321.46 as of her last payment on October 11, 2022. (*See* **Exhibit B, ¶16; Exhibit C**).

25.     Plaintiff filed this lawsuit on October 19, 2022. (*See* **Exhibit A**, p. 14).

3

Respectfully submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Bradley R. Hansmann
Bradley R. Hansmann #53160
Daniel P. Hunkins #69147
600 Kellwood Pkwy, Suite 120
St. Louis, MO 63017
(636) 798-0570
(636) 798-0693 - Fax
bhansmann@wwbhlaw.com
dhunkins@wwbhlaw.com
*Attorneys for Defendant Huelskamp Law, LLC*

<u>**CERTIFICATE OF SERVICE AND**</u>
<u>**CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)**</u>

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system on this 26th day of December, 2023 on counsel of record.  In addition, the undersigned counsel certifies under Rule 26(g)(1) of the Federal Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

Richard A. Voytas, Jr.
David A. Weber
Caleb G. Christian
Voytas Law, LLC
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
rick@voytaslaw.com
david@voytaslaw.com
caleb@voytaslaw.com
*Attorneys for Plaintiff*

/s/ Bradley R. Hansmann

4

#30908315 v1