**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| CONNIE ESSMYER | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:22-cv-00140 |
| | ) | |
| v. | ) | |
| | ) | |
| HUELSKAMP LAW, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT HUELSKAMP LAW, LLC'S REPLY TO PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** Defendant, Huelskamp Law, LLC, by and through undersigned counsel, and for its Reply to Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment, states as follows:

**ARGUMENT**

**I.      Summary Judgment is Appropriate for Defendant on Plaintiff's FDCPA Claims**

Defendant made mistakes on three Garnishment Applications and Orders. However, these mistakes were immaterial and were not relied upon by Plaintiff in any way, therefore Defendant is entitled to summary judgment for her claims under § 1692(e). Plaintiff has failed to allege a concrete injury, whether it be financial or emotional, therefore Defendant is entitled to summary judgment for her claims under § 1692(f). Plaintiff has also failed to allege affirmative acts by Defendant that give rise to a claim under § 1692(d), therefore, Defendant is entitled to summary judgment for her claims under § 1692(d).  Lastly, Plaintiff's claims are barred by the one-year statute of limitations. In short and as will be addressed in greater detail below, Plaintiff's arguments fail to satisfy the requirements to bring a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d)-(f) ("FDCPA").

#30909722 v1

**A. Plaintiff has not proven she has an injury in fact, and thus does not satisfy standing requirements.**

Plaintiff attempts to prove that she has an injury in fact based on dubious reliance on *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (C.A.8 (Minn.), 2017). (*See* Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment, hereinafter "PSOD," p. 3 – 4). *Demarais* is not remotely similar to the case at bar. In *Demarais,* the plaintiff's debt was extinguished in 2010. Then, in 2014, the defendant sued the plaintiff for the "outstanding" debt. The plaintiff did not answer the complaint. Instead of seeking a default judgment, the defendant sought judgment based on non-appearance at trial, to avoid a Minnesota statute regarding default judgments on debts. The plaintiff appeared for trial with counsel, surprising the wholly unprepared defendant. The defendant moved for a continuance, and the trial was moved to 2016. At the new trial, once more the plaintiff appeared with counsel, and the defendant was wholly unprepared. The defendant dismissed the plaintiff with prejudice. Then, eighteen (18) days later, the defendant served the plaintiff with interrogatories and requests for admissions under the caption of the dismissed case. The plaintiff then sued the defendant under the FDCPA. *Id* at 689 – 690. The "risk of real harm" that *Demarais* refers to is the harm identified by Congress in § 1692f(1) – "being subjected to attempts to collect debts not owed." *Id* at 691.

Here, Plaintiff's alleged reliance did not come near the level of the plaintiff in *Demarais.* Plaintiff did not make payments toward a debt that she clearly owed to Defendant, Defendant responded to the non-payment by filing three Garnishment Applications and Orders. These Garnishment Applications and Orders contained errors, some to the benefit of Plaintiff. (Defendant's Statement of Uncontroverted Material Facts, "SUMF" ¶7 – 12). Plaintiff noticed these errors, sought counsel, quashed the garnishments, and was no longer made payments.

2

Plaintiff's outstanding debt at the time of her final garnishment was $2,321.46. (SUMF ¶21). Defendant took no further action against Plaintiff, until Plaintiff filed this lawsuit on October 19, 2022. (SUMF ¶22). The "risk of real harm" in this case would be Plaintiff continuing to pay off a debt that she legally owed. Defendant was not collecting an extinguished debt, like the defendant in *Demarais*, nor did Defendant harass Plaintiff after the garnishments were quashed, like the defendant in *Demarais*. In *Stone v. J&M Securities*, LLC, 2021 WL 4476712 (E.D.Mo., 2021), this Court held that despite overstatements of the interest amount and total sum on the defendant's garnishment application and order, their motion for summary judgment should be granted because the plaintiff did not suffer an "ascertainable loss." *Id* at 9.

Similarly, Plaintiff never suffered an "ascertainable loss." Plaintiff never viewed the Garnishment Applications and Orders, never relied on them, paid $14.61 over the initial principal amount, and still owes an outstanding balance of $2,321.46. (SUMF ¶ 14 – 16, 21). Even considering the $1,215 that Plaintiff allegedly paid to her attorney to quash the garnishments, Plaintiff still has not paid more than she owes to Defendant. There is no "ascertainable loss" nor "risk of real harm" at play here, and Plaintiff's claims should be dismissed as a result.

Plaintiff alleges that she suffered anxiety and emotional distress, and that her anxiety and frustration constituted concrete harm. (*See* PSOD, p. 5). In support of these allegations, Plaintiff cites several pages of her deposition that do not mention frustration nor anxiety, and a page in which she stated she "started to feel anxious" but could not state when she did. (*See* Plaintiff's Response to Defendant's Statement of Uncontroverted Material Facts, hereinafter "R-SUMF," ¶17). However, denied seeking medical treatment for anxiety, and denied suffering from anxiety:

```
Q    Did you ever seek any medical treatment
for anxiety or things of that nature as the result
of this --
     A    No.
     Q    -- debt?
     A    No.
     Q    Okay.  Not something you suffer from.
Correct?
     A    No.
     Q    That's correct?

     A    That's correct.
```

Plaintiff relies on the following quote in alleging that her emotional distress rose to the level required to bring a claim under the FDCPA. "A consumer who has suffered emotional distress has suffered 'actual damage' under the FDCPA, even if the emotional distress was not severe." *Ploch v. FirstSource Advantage* LLC, 2012 WL 5384876, at *4 (E.D.Mo.,2012) (Quoting *Edeh v. Midland Credit Management, Inc.*, 748 F.Supp.2d 1030, 1041 (D.Minn.2010)). In making this determination, *Ploch* indicates that the testimony of the plaintiff was sufficient to find that he suffered emotional distress. *Id.* While this is true, Plaintiff's testimony still does not rise to the level required to allege concrete harm. As explained above, Plaintiff's testimony regarding her anxiety is vague and conclusory, and she cannot provide a single detail expounding on the same. In fact, she even denied suffering from anxiety. Further, in *Edeh,* the case that *Ploch* quoted in making the determination that the emotional distress need not be "severe," the plaintiff provided far more detailed testimony than Plaintiff: "[Defendant] Midland's conduct caused [plaintiff] frustration and worry and disturbed his sleep. . . [Plaintiff] Edeh testified that he considers Midland's conduct (and the resulting litigation) one of the top three stressors in his life." *Edeh v. Midland Credit Management, Inc.*, 748 F.Supp.2d 1030, 1042 (D.Minn., 2010). Despite permitting this evidence to suffice, the Court still indicated that "any such damages are likely to be very

4

small." *Id* at 1042. If the Court describes the *Edeh* plaintiff's emotional distress allegations as "small," and "not severe," then Plaintiff's testimony would fall below that bar. To hold otherwise would indicate that the mere mention of the word "anxiety" is sufficient to find a party liable for damages under the FDCPA. Plaintiff was invited to explain how it has impacted her and her response was "I don't know." Therefore, Plaintiff lacks standing and Defendant's Motion for Summary Judgment should be granted.

### B.  Statute of Limitations

Plaintiff addresses Defendant's argument that her claims regarding the First and Second Garnishment Applications and Orders are time-barred by (1) highlighting actions taken by Defendant pursuant to its Third Garnishment Application and Order and (2) characterizing Defendant's garnishments pursuant to its Garnishment Applications and Orders as separate violations under 15 U.S.C. §1692k(d). (*See* PSOD, p. 5 – 6). The first point is non-responsive to Defendant's arguments. Defendant is arguing that Plaintiff's claims regarding Defendant's First and Second Garnishment Applications and Orders are time-barred by §1692k(d), not the Third Garnishment Application and Order. Therefore, Plaintiff's arguments regarding Defendant's actions pursuant to its Third Garnishment Application and Order are non-responsive and not relevant to Defendant's arguments.

Plaintiff's second point is just as non-responsive, and not permitted by federal law. First, the garnishment referred to by Plaintiff was once again pursuant to Defendant's Third Garnishment Application and Order. Finally, "violations that occur within the limitations window must be discrete violations; they cannot be the later effects of an earlier time-barred violation." *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed.Appx. 249, 259 (C.A.6 (Ohio), 2014). Garnishing wages pursuant to a time-barred garnishment application and order is a later effect of that same violation,

5

not a discrete violation. Therefore, Plaintiff's claims regarding Defendant's violations under its First and Second Garnishment Order are time-barred, and Defendant's Motion for Summary Judgment should be granted.

**C. Defendant's mistakes are immaterial, and do not give rise to a claim under 15 U.S.C. § 1692(e) – (f).**

Defendant made mistakes on its Garnishment Applications and Orders, but they were immaterial. Plaintiff plainly admits that she never saw the Garnishment Applications and Orders and did not rely upon any apparent misstatements therein regarding her decision on how to handle the debt. (SUMF ¶14 – 15). According to Plaintiff's own testimony, Defendant's misstatements did not "contribute[]" or "undermine[]" her ability "to choose between two options." Therefore, Defendant's misstatements do not violate section 1692(e). See *Stone v. J&M Securities, LLC*, 2021 WL 4476712, at *7 (E.D.Mo., 2021).

Plaintiff cites to *Womble v. Barton*, 2015 WL 7889628 (E.D.Mo., 2015) in arguing that failing to accurately state the amount of an alleged debt in a communication with the consumer violates § 1692(e). The case at bar distinguishes itself from *Womble* in that Plaintiff alleges inaccurate statements on Garnishment Applications and Orders that Plaintiff never viewed. (D-SUMF ¶18). Plaintiff does not allege communications from Defendant that contained inaccurate information. Moreover, the plaintiff in *Stone v. J&M Securities*, LLC, 2021 WL 4476712 (E.D.Mo., 2021) cites the same case. This very Court responded to that citation by stating "[h]owever, Plaintiffs' reliance on *Womble* is misplaced because the undisputed facts in this case demonstrate that although Defendant may have made a mistake in how it characterized the costs to be assessed, it did not falsely represent that it was entitled to collect prejudgment costs. Indeed,

#30909722 v1

the uncontroverted facts suggest that the error may have resulted in an undergarnishment of $119.82." *Stone v. J&M Securities*, LLC, 2021 WL 4476712, at *8 (E.D.Mo., 2021).

Similarly, based on the facts stated above, Plaintiff was ultimately undergarnished, and still owes an outstanding debt. "In addition, the undisputed facts establish that Plaintiffs' section 1692(e)(2) claim cannot prevail because they did not suffer material harm. As noted above, the Eighth Circuit Court in [*Hill v. Accounts Receivable Services, LLC*, 888 F.3d 343 (C.A.8 (Minn.), 2018)] clearly established that any claim under a subsection of section 1692(e) must allege that the purportedly misleading information affected the consumer's choices[.]" *Stone v. J&M Securities*, LLC, 2021 WL 4476712, at *8 (E.D.Mo., 2021).

Based on *Stone*, an error on a garnishment form is not enough to bring a successful claim under § 1692(e). The misleading information must affect the consumer's choices, and Plaintiff has plainly admitted that her choices were not affected by Defendant's incorrect statements. (SUMF ¶15). Plaintiff further cites *Garcia v. Law Offices Howard Lee Schiff*, P.C., 401 F.Supp.3d 241 (D.Conn., 2019). Again, *Garcia* refers to communications between the plaintiff and defendant, and its verdict was based on a letter sent by Defendant to Plaintiff. "To find a violation of the Fair Debt Collection Practices Act ("FDCPA"), the Court must first determine that a debt collector covered by the Act communicated "with a consumer in connection with the collection of any debt[.] 15 U.S.C. § 1692g." *Garcia v. Law Offices Howard Lee Schiff*, P.C., 401 F.Supp.3d 241, 247 (D.Conn., 2019). Plaintiff alleges that Defendant's signature on all legal pleadings and the Garnishment Applications and Orders fall under this provision, but § 1692g(d) clearly excludes legal pleadings. "A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)." § 1692g(d). Further, Plaintiff

7

never viewed the Garnishment Applications and Orders, therefore they cannot be construed as a communication. (SUMF ¶21).

Finally, Plaintiff contends that she relied on the misstatements in hiring counsel to quash the garnishments at the cost of $1,215. This payment is less than Plaintiff's outstanding balance of $2,321.46. (SUMF ¶21). Even when one considers the price of counsel, Plaintiff has still paid less than what she would have had the statements on Defendant's Garnishment Applications and Orders been accurate. Therefore, Plaintiff has failed to allege a concrete injury and Defendant should be granted summary judgment on Plaintiff's claims under § 1692(e).

This Court has defeated claims under § 1692(f) when the plaintiff fails to allege a concrete injury. "Plaintiffs' arguments are unavailing because Plaintiffs have not shown that they suffered concrete injury from alleged misstatements of balances, interest, payments . . . As Plaintiffs cannot . . . demonstrate that they suffered concrete injury, Defendant is entitled to summary judgment on this claim." *Id* at *9. Plaintiff refers to the same "damages" in asserting that she suffered a concrete injury under § 1692(f), namely the money spent toward hiring counsel to quash the garnishments, and her anxiety/emotional distress. Therefore, Defendant incorporates the arguments above herein, that Plaintiff's attorney's fees were less than her outstanding balance, and her allegations of emotional distress are non-existent, too conclusory, and/or vague to satisfy the bar established by the Court. Therefore, Plaintiff has failed to allege a concrete injury under § 1692(f) and Defendant should be granted summary judgment for her claims that fall under the same.

**D. Plaintiff has failed to allege affirmative acts by Defendant, and cannot bring a claim under § 1692(d).**

Plaintiff asserts that Defendant's misstatements on its Garnishment Applications and Orders violate 15 U.S.C. § 1692(d). This Court previously stated as follows:

Section 1692(d) prohibits debt collectors from engaging in conduct of which the natural consequence is to harass, oppress, or abuse any person in connection with a debt. 15 U.S.C. § 1692(d). The section provides examples of prohibited conduct—such as the use or threat of violence to harm, the use of obscene language, and repeated or continuous phone calls—which are not exclusive, but instructive for the Court's analysis . . . The conduct explicitly prohibited by section 1692(d) can be described as **<u>affirmative</u>** acts by a debt collector which cause harm to a person in connection with a debt, whether that be infliction of violence, coercion, annoyance, or other physical or mental harm.

*Stone v. J&M Securities, LLC*, 2021 WL 4476712, at *7 (E.D.Mo., 2021).

Defendant's conduct surrounding the debt collection can be characterized as a failure to act, at worst, not an affirmative act, which is required. Plaintiff claims that she "reached out to discuss her balance with Huelskamp to no avail." (*See* PSOD, p. 9 – 10). In support of this allegation, Plaintiff cites portions of her own deposition where she explains that she called Defendant a few times, met with him once, then called him a few more times afterward. When asked what Defendant did wrong throughout these series of events, Plaintiff responded with "I don't know."

```
Q    What is it that you believe my client did
wrong?

A    I don't know.
```

Plaintiff's testimony describes several affirmative acts undertaken by herself, but no affirmative acts by Defendant. The conduct prohibited by § 1692(d) are "**<u>affirmative acts</u>** by a debt collector which cause harm to a person in connection to a debt." Plaintiff has failed to allege any affirmative act by Defendant, therefore Defendant should be granted summary judgment for Plaintiff's claims under § 1692(d).

II.     **Plaintiff has failed to prove Defendant's state of mind, defeating her claim for wrongful garnishment.**

Plaintiff claims she is entitled to damages under a wrongful garnishment theory by claiming

9

#30909722 v1

she is entitled to compensatory damages and punitive damages due to Defendant's "legal malice." As explained above, Plaintiff still has not satisfied the judgment balance, even when one considers the money paid to her attorney. Further, her allegations of emotional distress are too conclusory and vague to be considered an adequate injury. Thus, Plaintiff is not entitled to compensatory damages.

Plaintiff alleges that Defendant's actions constituted legal malice, entitling her to punitive damages. "Legal malice has been defined as the **intentional** doing of a wrongful act without just cause or excuse in reckless disregard of the rights of others." *Moon v. Tower Grove Bank & Trust Co.*, 691 S.W.2d 399, 401 (Mo.App. E.D. 1985). To bring a wrongful garnishment claim, Defendant's state of mind must be intentional. Plaintiff has failed to allege that Defendant intentionally garnished her incorrectly. In fact, Plaintiff admits that she has no evidence that Defendant knowingly, willfully, or intentionally intended to harm her. (SUMF ¶ 18). As set forth above, Plaintiff does not even know what Defendant did wrong. Defendant intended to sign the garnishment form, but its intention was not to wrongfully garnish Plaintiff. There is no evidence showing otherwise. Therefore, punitive damages are not available to Plaintiff. Thus, no damages are available to Plaintiff, and Defendant should be granted summary judgment under Plaintiff's theory of wrongful garnishment.

III.   **Plaintiff fails to allege Defendant's misstatements were anything more than a good faith mistake, thus defeating her abuse of process claim.**

"To state a claim for abuse of process, a party must plead 1) an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; 2) **done for an improper purpose**, and 3) resulting damages." *Dease v. Ardmore Finance Corporation*, 2022 WL 1488583, at *5 (E.D.Mo., 2022). Plaintiff cites to this case in alleging that Defendant abused the garnishment process. (PSOD, p. 13). In doing so, Plaintiff provided an incomplete quote, which stated that a

valid abuse of process claim is satisfied by "the filing of an allegedly false garnishment application to falsely inflate the amounts that could be taken . . ." *Id* at *5. First, Plaintiff fails to allege that Defendant filed the Garnishment Applications "to falsely inflate the amounts that could be taken." Plaintiff states, without any supporting evidence, that Defendant engaged in these actions "for the purpose of harassing Connie, inflating balances owed, and forcing Connie to pay interest and cost amounts that she did not owe." The only citation that Plaintiff makes to support these baseless allegations is her Response to our Statement of Uncontroverted Material Facts, in which she outlines all the mistakes Defendant made, without any allegation toward Defendant's purpose, or state of mind. (*See* PSOD, p. 12). There is simply no evidence supporting this baseless allegation.

Further, Plaintiff conveniently leaves out portions of the full quote that clearly distinguishes this case from *Dease.* The quote, in its entirety, reads "the filing of an allegedly false garnishment application to falsely inflate the amounts that could be taken from Dease and to harass and oppress Dease. These are certainly improper purposes, and under Rule 8(a)(2), 'a plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint 'strikes a savvy judge that actual proof of the facts alleged is improbable' and recovery 'very remote and unlikely.''" *Dease v. Ardmore Finance Corporation*, 2022 WL 1488583, at *5 (E.D.Mo., 2022) quoting *Mueller v. Barton*, No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *15 (E.D. Mo. Sept. 12, 2014).

Fed.R.Civ.P. 8(a)(2), which this Court cites in *Dease*, refers to the sufficiency of pleadings that state a claim for relief. *Dease* cites this rule because its verdict ultimately held that the plaintiff's claim for relief survived a motion to dismiss. The case at bar is far past this stage. *Dease* held for the plaintiff because the plaintiff successfully *stated* a claim, and reasonable discovery could find the defendant had an improper purpose. *Id* at *6. Plaintiff has had a chance to conduct her discovery

11

#30909722 v1

and has not found any proof of Defendant's purpose. Plaintiff admits that she has no evidence that Defendant knowingly, willfully, or intentionally intended to harm her. (SUMF ¶ 18). Therefore, Plaintiff has no evidence that Defendant engaged in its acts under an improper purpose, which is required to bring a claim for abuse of process. Plaintiff stated her claim, and it would survive a motion to dismiss, like the plaintiff in *Dease.* Plaintiff has had a chance to prove her claim, and has failed to do so. Thus, Defendant should be granted summary judgment for Plaintiff's claims under abuse of process.

## CONCLUSION

For the above reasons, Defendant restates that that it prays that this Honorable Court finds it is entitled to judgment as a matter of law and grants its Motion for Summary Judgment.

**WHEREFORE,** Defendant Huelskamp Law, LLC, requests that this Court enter judgment in Defendant's favor and for such further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**WATTERS WOLF BUB & HANSMANN, LLC**

/s/ Bradley R. Hansmann
Bradley R. Hansmann #53160
Daniel P. Hunkins #69147
600 Kellwood Pkwy, Suite 120
St. Louis, MO 63017
(636) 798-0570
(636) 798-0693 - Fax
bhansmann@wwbhlaw.com
dhunkins@wwbhlaw.com
*Attorneys for Defendant Huelskamp Law, LLC*

12

## CERTIFICATE OF SERVICE AND
## CERTIFICATE OF COMPLIANCE WITH RULE 55.03(a)

The undersigned certifies that a true and correct copy of the foregoing was served by the Court's electronic filing system on this 26th day of December, 2023 on counsel of record.  In addition, the undersigned counsel certifies under Rule 26(g)(1) of the Federal Rules of Civil Procedure that he has signed the original of this Certificate and the foregoing pleading.

Richard A. Voytas, Jr.
David A. Weber
Caleb G. Christian
Voytas Law, LLC
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
rick@voytaslaw.com
david@voytaslaw.com
caleb@voytaslaw.com
*Attorneys for Plaintiff*

/s/ Bradley R. Hansmann

13

#30909722 v1