UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **CONNIE ESSMYER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 1:22-cv-140 SNLJ |
| | ) |
| **HUELSKAMP LAW, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

Plaintiff Connie Essmyer filed this action against defendant Huelskamp Law, LLC alleging that Huelskamp violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., in the course of collecting a debt from plaintiff on behalf of Perry County Memorial Hospital. The parties have filed cross motions for summary judgment [Docs 35, 38].

**I.    Factual Background**

The following facts are undisputed unless indicated. Plaintiff received medical care from Perry County Memorial Hospital in 2014, incurring debt totaling over $9,000. In 2019, the hospital—through its attorneys, the defendant—filed suit against plaintiff over the debt. Plaintiff entered into a consent judgment and agreed to pay defendant $250 each month until the judgment was satisfied. The consent judgment allowed the hospital to "take all action authorized by law" in the event "payment [was] late or less than the agreed amount." The principal amount owed was $9,351.14.

Plaintiff stopped sending payments at some point, so defendant instituted garnishment proceedings against her. Although defendant states that plaintiff paid only $650 toward the debt before garnishment proceedings began, defendant asserted on its First Garnishment Application and Order that plaintiff had made $1,016.61 in payments prior to the that First Garnishment. The First Garnishment was filed July 30, 2020; the Second was filed on May 21, 2021; the Third was filed April 19, 2022. Plaintiff contends that the Second and Third Garnishments understated the total payments plaintiff had made to pay down the debt.

Defendant states that, through plaintiff's initial voluntary payments and then through garnishment, plaintiff paid a total of $9,365.75. Defendant admits that it made a series of mistakes on the three garnishment applications, but defendant says that ultimately plaintiff paid only $14.61 over the principal amount owed, and that the outstanding judgment balance is, with interest, still $2,321.46 as of October 11, 2022 (the date of plaintiff's final payment). Thus, defendant contends plaintiff has in fact not paid more than she owes.

Plaintiff states that, by the Third Garnishment's filing, defendant was claiming plaintiff owed $3,000 more than plaintiff believed she could owe. Plaintiff argues that it is not possible to calculate the precise amount of excess interest plaintiff paid [Doc. 39 at 11 n.2]. On the other hand, defendant objects to plaintiff's calculations and evidence because it says she is not qualified to make the calculations and because the evidence consists of printouts from website interest calculations and are unauthenticated and inadmissible.

When plaintiff realized something was amiss sometime after the Third Garnishment, she reached out to defendant. She visited defendant and called defendant multiple times. Plaintiff ultimately hired counsel to represent her interests and owes that counsel $1,215 for counsel's work on the matter.

Plaintiff, through that same counsel, filed this lawsuit on October 19, 2022. Her complaint includes three counts: Count I—violation of the FDCPA; Count II—Wrongful Garnishment under Missouri Rule 90 and/or Chapter 525 RSMo; and Count III—Abuse of Process.

## II.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of

any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). "Where parties file cross-motions for summary judgment, each summary judgment motion must be evaluated independently to determine whether a genuine issue of material fact exists and whether the movant is entitled to judgment as a matter of law." *Martin v. United Collections Bureau, Inc.*, No. 4:14-CV-804-JAR, 2015 WL 4255405, at *2 (E.D. Mo. July 14, 2015) (citing *Husinga v. Federal–Mogul Ignition Co.,* 519 F.Supp.2d 929, 942 (S.D. Iowa 2007)). "[T]he filing of cross motions for summary judgment does not necessarily indicate that there is no dispute as to a material fact, or have the effect of submitting the cause to a plenary determination on the merits." *Wermager v. Cormorant Township Bd.,* 716 F.2d 1211, 1214 (8th Cir.1983). In determining the appropriateness of summary judgment, "the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Bingaman v. Kansas City Power & Light Co.,* 1 F.3d 976, 980 (10th Cir.1993) (quoting *Anderson,* 477 U.S. at 251–52)).

**III.   Discussion**

Defendant has moved for summary judgment on all of plaintiff's claims. Plaintiff moves for partial summary judgment on Count I. Each count is discussed in turn below.

   **A.  Count I—Violation of FDCPA**

Plaintiff claims she is entitled to recover from defendant under the FDCPA because defendant repeatedly misstated the amount of her hospital debt in its garnishment

4

proceedings in state court.  Plaintiff alleges that defendant (1) failed to credit all of plaintiff's payments; (2) overstated the amount of interest that plaintiff owed; and (3) overstated the principal amount of the debt.

"The FDCPA is designed to protect consumers from abusive debt collections and to protect ethical debt collectors from competitive disadvantage." *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002). Under the FDCPA, the court must assess the deceptive, misleading or confusing nature of collection activity from the perspective of an "unsophisticated consumer." *Freyermuth v. Credit Bureau Services, In*c., 248 F.3d 767, 771 (8th Cir. 2001). The "unsophisticated consumer" is assumed to be uninformed or naive and would likely be confused or misled if similar people would be misled. *Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000). The "unsophisticated consumer" standard is designed to "protect consumers of below average sophistication or intelligence," but it also contains an "objective element of reasonableness. . .." *Peters, 277 F.3d at 1054*.

"The FDCPA is a strict liability statute, and a consumer need not show intentional conduct by the debt collector to establish a violation." *Martin v. United Collections Bureau, Inc.*, No. 4:14-CV-804-JAR, 2015 WL 4255405, at *3 (E.D. Mo. July 14, 2015). *See also Picht v. Jon R. Hawks, Ltd*., 236 F.3d 446, 451 (8th Cir. 2001).

To prevail on an FDCPA claim, a plaintiff must prove that "(1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by

5

act or omission a provision of the FDCPA." *Somlar v. Nelnet Inc.*, No. 4:16-CV-01037-AGF, 2017 WL 35703, at *2 (E.D. Mo. Jan. 4, 2017).

The parties appear to agree that plaintiff satisfies the first two elements of her claim. As for whether defendant has violated the FDCPA by an act or omission, plaintiff contends that defendant violated several sections of that statute.

### 1. Statute of limitations

First, this Court must address the statute of limitations defense raised by defendant. The statute of limitations for an FDCPA claim is one year. 15 U.S.C. § 1692k(d). Defendant argues that plaintiff may not recover for claims related to the First and Second Garnishments because those garnishments were filed more than one year before plaintiff filed her complaint in this matter. Plaintiff does not seem to contest that claims related to the First and Second Garnishments are time-barred. She only points out that the Third Garnishment contained material misstatements in violation of the statute, and that she suffered damages during the one year period before she filed her complaint. Although the three garnishment applications are naturally intertwined, this Court will focus on plaintiff's claims as they relate to the Third Garnishment.

### 2. Section 1692f

Section 1692f prohibits the use of "unfair or unconscionable means" to collect a debt. In particular, conduct prohibited by the section includes "the collection of any amount…unless such amount is expressly authorized by the agreement creating the debt." 15 U.S.C. § 1692f(1). Plaintiff claims defendant violated that section when it overstated the judgment balances on the First, Second, and Third Garnishments and by actually

6

collecting interest and cost amounts that plaintiff did not owe. Plaintiff claims she was actually damaged in that she paid money she did not owe, and also that she had to hire an attorney and become indebted to that attorney for $1,215 in order to address the problems with defendant's garnishments. Plaintiff also alleges she was damaged by the frustration and anxiety she felt when she discovered she was being overcharged by defendant.

Defendant argues that it is entitled to summary judgment on this point because, it says, plaintiff has not alleged a concrete injury. Although defendant is correct that the alleged "violation of the statute must cause a concrete injury," that concrete injury can be satisfied by "the risk of real harm." *Stone v. J&M Sec., LLC*, No. 4:20-CV-00352-SPM, 2021 WL 4476712, at *6 (E.D. Mo. Sept. 30, 2021) (quoting *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 690-91 (8th Cir. 2017)). Defendant attempts to designate plaintiff's payments made toward the debt as her only possible injury and maintains that she has not been injured at all. However, defendant concedes that plaintiff has paid $14.61 over the principal amount she owed to the hospital: she owed Perry County Hospital $9,351.14, and she paid $9,365.75. [Doc. 45 at 7.] Defendant argues that because it was also entitled to assess a 9% interest rate per annum since September 12, 2019, plaintiff has still not satisfied the judgment amount. Because plaintiff still owes a balance on the judgment, defendant says plaintiff fails to allege a concrete injury sustained from defendant's misstatements.

The Court must pause here to address a perplexing fact not raised by either party but discovered by this Court upon its review of the state court garnishment action. On October 25, 2023, the defendant, on behalf of the hospital, filed a "satisfaction of

7

judgment" stating that the plaintiff here had "satisfied the principal amount of the September 12, 2019 Judgment."  It is unclear then (1) whether plaintiff could still legally owe the interest that defendant claims is still owed, and (2) if so why defendant would file such a document at all.

Regardless, the facts demonstrate that plaintiff has suffered a concrete injury. Defendant objects to plaintiff's use of court records as inadmissible, but this Court may take judicial notice of public records and does so here. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).  The Third Garnishment falsely represented that plaintiff had paid only $4776.86 toward the $9351.14 initial debt and that she still owed a balance of $6372.48.  State court records make clear that plaintiff had paid $2271.05 as a result of the First Garnishment and $4776.86 as a result of the Second Garnishment. All told, before the Third Garnishment, plaintiff had already paid approximately $8064.52 toward her debt.[1] It is indisputable that defendant's representation of a $6372.48 balance due was overstated. It appears from this Court's calculations, assuming that the interest amounts and the First Garnishment's "credits" were correct, that the "Total Due" at the time of the Third Garnishment was $1343.46—not $6372.48.

Defendant therefore collected or attempted to collect amounts defendant was not actually entitled to collect, that is, defendant sought to collect $6372.48 when in fact the amount it was entitled to collect was much less (closer to $1343.46). Therefore,

---

[1] Defendant says that the First Garnishment misstated the credits plaintiff had already paid by overstating the credits by approximately $300.  This $8064.52 figure uses the original number defendant used in its First Garnishment.

8

defendant violated Section 1692f(1).  Defendant suggests that the fact that plaintiff may still owe interest on the principal debt means plaintiff lacks standing to bring this claim, but the "concrete harm" defendant seeks includes the "risk of real harm," *Demarais*, 869 F.3d at 690-91, which plaintiff clearly demonstrates here.  Even if plaintiff was ultimately not garnished for more than the debt plus interest, defendant's mistakes or miscalculations put plaintiff at real risk of overpayment.  Moreover, defendant's suggestion that plaintiff has not experienced actual damages also ignores that she was forced to hire an attorney at her own expense.

Even if defendant's errors on the Third Garnishment were slight, even "slightly inaccurate" interest charges have been deemed actionable attempts to collect amounts not authorized by law under Section 1692f.  *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000).  *Duffy* reversed a district court that had characterized a collections letter as having included an "insignificant overstatement of interest charges" as not violating the FDCPA. *Id.* at 873.  Those overstatements amounted to only $1.29, $1.84, and $0.65. *Id.*  As the Eighth Circuit held, "although the interest calculations were admittedly only slightly overstated, the letters seeking these overstated interest charges were nonetheless an attempt to collect interest not permitted by law, and therefore a violation of the plain language of section 1692f(1)." *Id.*  Defendant clearly attempted to collect $6372.48 in its Third Garnishment, which significantly overstates the amount plaintiff actually owed.  Again, defendant might have shed light on what should have been corrected figures on the Third Garnishment, but defendant's failure to do so does not create an issue of fact

9

where the public records support plaintiff's claim. Plaintiff is entitled to summary judgment on her claim that defendant violated Section 1692f of the FDCPA.

This Court need not address plaintiff's emotional distress-related damages, which the parties dispute. Plaintiff has established she experienced "actual damages" through other evidence, and she seeks no money damages related to emotional distress. She requests only her attorney's fees related to quashing the garnishment proceeding ($1,215), her "statutory damages" ($1,000), and to-be-determined attorneys' fees for prosecuting her FDCPA claim.

Because plaintiff is entitled to those damages upon this Court's grant of summary judgment on her FDCPA claim related to defendant's violation of Section 1692f, this Court need not address plaintiff's claims that defendant violated other sections of the act.

**B.    Count II**

Defendant moves for summary judgment on plaintiff's Count II – wrongful garnishment. "To state a claim for wrongful garnishment, a plaintiff must allege that the garnished property is his property and also must allege abuse or misuse of the garnishment statute." *Howard v. Frost Nat'l Bank*, 458 S.W.3d 849, 854 (Mo. Ct. App. 2015) (citing *Linsin v. Transportation Ins. Co.*, 691 S.W.2d 393, 394–95 (Mo. Ct. App. 1985)). Plaintiff argues that defendant abused Missouri's statutory garnishment procedures, § 525.110 RSMo, by increasing interest amounts and total balances on the First, Second, and Third Garnishments beyond what plaintiff actually owed. She states again that defendant arrived at the false calculations by using incorrect balances, basing interest amounts on said incorrect balances, failing to include all of plaintiff's payments,

10

and inappropriately adding costs.  The result, she says, is that the total balance on the Third Garnishment was overstated by thousands of dollars, and she would have continued to have been garnished inappropriately had she not hired counsel.  She also alleges she suffered emotional distress.

Defendant does not dispute that plaintiff's property was garnished.  Defendant's only response to liability on this claim is that plaintiff has not shown that she is entitled to compensatory damages.  Plaintiff sought actual damages for both her FDCPA claim (Count I) and her wrongful garnishment claim (Count II).  She moved for summary judgment on her FDCPA claim and sought $1,215 in actual damages and $1,000 in statutory damages.  Because plaintiff will collect those amounts as damages for Count I, she cannot collect actual damages again for Count II.  Thus, the Court turns to her claim for punitive damages, which is the focus of defendant's motion on Count II.

Defendant's briefing focuses mainly on the presence of malice, as either actual or legal malice is required to support a punitive damages claim. *See Moon v. Tower Grove Bank & Tr. Co.*, 691 S.W.2d 399, 401 (Mo. Ct. App. 1985). "In actual malice, the action is motivated by hatred or ill will. Legal malice has been defined as the intentional doing of a wrongful act without just cause or excuse in reckless disregard of the rights of others." *Id.* "However, demonstration of a simple good faith mistake or ignorance as to the wrongfulness of the act constitutes a defense to the award of punitive damages." *Id.* Although plaintiff argues that the attorney with the defendant law firm signed his name to erroneous legal documents, such an act does not rise to the level of reckless disregard required by the statute. This Court agrees plaintiff is not entitled to punitive damages here, where she cannot show that defendant acted with the necessary intent.  As both parties acknowledge, the calculation of principal and interest, underpaid or overpaid, has

11

been exceedingly difficult, and despite this Court ultimately agreeing with plaintiff, defendant had at least a colorable argument that it should prevail on the facts and law. At most, defendant was mistaken in its position, but certainly there was no reckless disregard involved under the facts presented.

Thus, summary judgment will be granted to defendant with respect to Count II.

### C.  Count III

Finally, defendant seeks summary judgment on plaintiff's Count III – abuse of process. Plaintiff alleges that defendant improperly used the garnishment process for the purpose of harassing plaintiff, inflating balances owed, and forcing plaintiff to pay interest and cost amounts that she did not owe, resulting in damages. To establish an abuse of process claim, plaintiff must show "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." *Bland v. LVNV Funding, LLC*, 128 F. Supp. 3d 1152, 1161–62 (E.D. Mo. 2015) (quoting *Ritterbusch v. Holt,* 789 S.W.2d 491, 493 (Mo. *banc* 1990) (internal quotations omitted)).

Defendant states it is entitled to summary judgment because plaintiff cannot show defendant had an improper purpose or was attempting to accomplish a goal that was outside the purview of the debt collecting process. "The test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." *Stone*, 2021 WL 4476712 at *9 (citing *Ritterbusch*, 789 S.W.2d at 493 n.1). There is no evidence that defendant intended to use the garnishment

process to achieve some other purpose. Summary judgment will therefore be granted to defendant on Count III.

## IV. Conclusion

Plaintiff will be granted summary judgment on Count I for violation of FDCPA. Defendant is granted summary judgment on Counts II and III.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment [Doc. 38] is GRANTED as to Count I.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [Doc. 35] is GRANTED in part as to Counts II and III and DENIED in part, as explained herein.

**IT IS FURTHER ORDERED** that plaintiff may submit a motion for statutory attorneys' fees and supporting documents within 30 days.

**IT IS FINALLY ORDERED** that the trial setting in this matter is VACATED.

Dated this 8th day of March, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

13